**THOMPSON TANK & MFG. CO., INC.,**
**Plaintiff-Appellants,**

v.

**Jesse THOMPSON, dba Thompson Tank & Construction Co.,**
**Defendant-Appellee.**

No. 82–4143.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 13, 1982.

Decided Dec. 3, 1982.

Vern Schooley, Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for plaintiffs-appellants.

Kenneth H. Bates, Deadrich, Bates & Tutton, Bakersfield, Cal., for defendant-appellee.

Before MERRILL and BOOCHEVER, Circuit Judges, and SMITH,* District Judge.

---

* Honorable Russell E. Smith, Senior District Judge, United States District Court for the Dis- trict of Montana, sitting by designation.

MERRILL, Circuit Judge.

By this action appellant Thompson Tank & Manufacturing Co., Inc. ("TTM") seeks damages from appellee Jesse Thompson, dba Thompson Tank & Construction Co. ("JT") for false designation of origin of goods, unfair competition and infringement of common law trademark. Appellant's claim is made under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with jurisdiction based on § 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a) and, asserting pendent jurisdiction under 28 U.S.C. § 1338(b),[1] under the California common law of unfair competition. Following a bench trial, the district court granted judgment to JT holding that it was without jurisdiction. This appeal followed. We affirm.

## I.

Plaintiff-Appellant TTM is a general steel fabricator having its principal place of business in Long Beach, California. It took its present corporate name in 1950 and has adopted a distinctive monogram and the trademark "Thompson Tank." Neither the monogram, the trademark nor the corporate name is registered under the federal trademark laws.

Defendant-Appellee JT since the early 1970s has operated as a sole proprietorship in the Bakersfield, California area engaged in the business of building oil storage tanks.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), creates rights which may be said to constitute the federal counterpart of common law unfair competition. It provides in relevant part as follows:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce * * * shall be liable to a civil action * * * by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

Appellant's complaint charges that appellee adopted the fictitious name Thompson Tank & Construction Company without consent of appellant, and that such use causes confusion in the trade and "is likely to deceive customers as to the source and origin of goods and services rendered under the mark." It also charges violation of the California state common law of unfair competition. It seeks an injunction, accounting of profits, treble damages and the destruction of all material bearing the infringing mark.

## II.

The district court determined that appellant had not caused his goods to enter into commerce, which is a condition to liability under 15 U.S.C. § 1125, and upon this basis held that it was without jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); accordingly pendent jurisdiction was also lacking.

As the district court noted, "at the trial of the action there was no evidence that [appellant] engaged in interstate com-

1. These sections appear to provide overlapping grants of jurisdiction to federal district courts in trademark cases arising under the Lanham Act. 15 U.S.C. § 1121 provides:

"The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

28 U.S.C. § 1138 provides:

"(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

"(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws."

merce."[2] This does not end the inquiry, however. Section 45 of the Lanham Act, 15 U.S.C. § 1127, defines the word "commerce" as used in the Lanham Act to include "all commerce which may lawfully be regulated by Congress." It is well settled that so defined "commerce" includes intrastate commerce which "affects" interstate commerce. *Maier Brewing Co. v. Fleischmann Distilling Corp.,* 390 F.2d 117, 120 (9th Cir.), *cert. denied,* 391 U.S. 966, 88 S.Ct. 2037, 20 L.Ed.2d 879 (1968); *Drop Dead Co. v. S.C. Johnson & Son, Inc.,* 326 F.2d 87, 94 (9th Cir.1963), *cert. denied,* 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 177 (1964); *Stauffer v. Exley,* 184 F.2d 962, 966 (9th Cir.1950); *Coca-Cola Co. v. Stewart,* 621 F.2d 287, 290 (8th Cir.1980); *Crossbow Inc. v. Glovemakers, Inc.,* 265 F.Supp. 202, 205 (N.D.Ill.1967); *see also International Order of Job's Daughters v. Lindeburg and Co.,* 633 F.2d 912, 917 n. 8 (9th Cir.), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956 (1981); *New West Corporation v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1199 (9th Cir. 1979).

■ The district court found that JT's activities did not "affect" the interstate commerce in which TTM was engaged. The record supports this conclusion. TTM and JT are engaged in entirely different fields of oil tank construction.

TTM was one of the first developers of mobile vacuum and pressure tanks now commonly used in the oil industry. It has patented and produces a tank known to the industry as the Thompson Unitized Vacuum Tank which normally is mounted on a truck or trailer. TTM's advertising and promotional work is directed at that narrow field. The only evidence produced by TTM as to the manufacture and sale of storage tanks had to do with tanks having a capacity of 500 barrels or less, known as "mud tanks." This production was estimated at less than 1 per cent of TTM's business.

JT does not engage in the manufacture of mud tanks. He neither manufactures nor services mobile vacuum or pressure tanks. He is engaged in the manufacture of large storage tanks. Ninety per cent of his business involves construction of tanks in the field and comes as the result of bidding for jobs as a licensed contractor, business in which TTM does not engage.

■ We will not disturb a finding of a district court sitting without a jury unless it is clearly erroneous. F.R.Civ.P. 52(a); *United States v. State of Washington,* 641 F.2d 1368, 1371 (9th Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). There is some limited and equivocal evidence of confusion between the two companies, including a few misdirected telephone calls or letters, but nothing sufficient to render clearly erroneous the court's findings that JT's intrastate business in no way affects TTM's interstate business.

### III.

■ We conclude that the findings and conclusion of the district court that JT's activities did not affect the interstate commerce in which TTM was engaged were not clearly erroneous. Accordingly JT was not engaged in conduct forbidden by § 1125 and the district court lacked Lanham Act jurisdiction. Dismissal of the pendent state claim of unfair competition was therefore proper. *See Wren v. Sletten Const. Co.,* 654 F.2d 529, 536 (9th Cir.1981); *Hodge v. Mountain States Tel. & Tel. Co.,* 555 F.2d 254, 261 (9th Cir.1977). Our holding makes it unnecessary for us to deal with appellant's contentions respecting the district court's findings with regard to secondary meaning and its failure to find likelihood of confusion.

JUDGMENT AFFIRMED.

---

2. TTM on appeal refers to an affidavit by JT to the effect that JT had engaged in some interstate business in the past, but no such affidavit was introduced at trial and we do not consider it here.