**OAK LAMINATES DIVISION OF OAK MATERIALS GROUP, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 81–8–01084.**

United States Court of International Trade.

Dec. 5, 1984.

Barnes, Richardson & Colburn, New York City (David O. Elliott and Richard Haroian, New York City), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, New York City (Deborah E. Rand, Washington, D.C.), for defendant.

RE, Chief Judge:

■ Pursuant to Rule 59(a) of the rules of this Court, plaintiff has moved for a rehearing, or, in the alternative, for the opening of the judgment in *Oak Laminates v. United States*, 8 CIT ——, Slip Op. 84–105 (Sept. 25, 1984), to take additional testimony.

In *Oak Laminates*, the imported merchandise consisted of two types of copper clad laminates: "(1) *FR4*, comprised of eight plies of woven fiberglass fabric impregnated by epoxy resin, and (2) *Oak 910*, comprised of three plies of non-woven fiberglass fabric, and impregnated by epoxy resin." 8 CIT ——, Slip Op. at 2. The copper clad laminates were classified by Customs as "articles not specially provided for, of rubber or plastics ... other," under item 774.55 of the tariff schedules of the United States (TSUS), and assessed with duty at the rate of 8.5% ad valorem. Plaintiff contended that the merchandise was properly classifiable under item 770.05, TSUS, as "articles not specially provided for *wholly or almost wholly of reinforced or laminated plastics*," duty-free under the Generalized System of Preferences (emphasis added).

After trial, and upon due deliberation and consideration of the testimony, exhibits and briefs submitted by the parties, this Court held that, since both the copper foil and the plastic core were "equally essential," the imported merchandise was not made "wholly or almost wholly of plastic," and that it was properly classified.

By the present motion, plaintiff seeks to have the court amend what it terms a "finding of fact," and direct the entry of a new judgment. Specifically, plaintiff contends that "the Court made a clearly erroneous finding of fact" when it stated that "the testimony clearly showed that unclad laminates have a different core than copper clad laminates." 8 CIT ——, Slip Op. at 14.

The court has carefully reviewed plaintiff's petition, and holds that plaintiff has not satisfied the requirements for the granting of a rehearing, and that the opening of the judgment to take additional testimony is not necessary.

Plaintiff's request to have the court reconsider its prior holding in *Oak Laminates* is, in essence, a second attempt to have the court consider and evaluate the evidence and testimony presented at trial. As stated by the defendant in its opposition to plaintiff's motion for rehearing and amendment of judgment:

> This is the classic "battle of the experts" situation. Plaintiff's dissatisfaction with the court's acceptance of one expert's opinion over another's does not render the court's ultimate conclusion based on such opinion erroneous and does not present the circumstances which merit the granting of a rehearing.

In its judicial opinion in this case the court stated that "the defendant did not merely rely on the statutory presumption of correctness that prevails in customs classification cases. It introduced persuasive expert testimony to refute the testimony of plaintiff's witnesses, and to prove that the merchandise was properly classified by Customs." 8 CIT ——, Slip Op. at 6 (citations omitted).

In support of its assertions of error in this motion plaintiff relies upon and quotes from the testimony of Dr. Konicek, Vice President of Research and Product Engineering at plaintiff's company, Oak Materials Group. In his testimony, Dr. Konicek traced the evolution of electric circuit technology, and concluded by stating that, "since the laminate core [of the imported merchandise] contains all the components, and provides all the insulating properties of circuit boards, the laminate core is the es-

sential element of the article." 8 CIT ——, Slip Op. at 5.

Plaintiff's assessment of the testimony is clearly refuted by the testimony of Dr. Jablonski, one of defendant's experts. As stated in the court's opinion, "the testimony of Dr. Jablonski and Dr. Bucci [the defendant's experts] clearly refuted plaintiff's contention that it is the plastic laminate core which is the indispensable or essential element of the imported merchandise." 8 CIT ——, Slip Op. at 14. Indeed, the court also stated that it placed "greater reliance upon the testimony of the defendant's experts ... [who] exhibited full mastery of the subject, and presented clear and convincing testimony as to the importance of the copper foil in the imported merchandise." 8 CIT ——, Slip Op. at 14.

█ It is well-established that whether a motion for rehearing shall be granted or denied lies within the sound discretion of the court. *See Reynolds Trading Corp. v. United States*, 61 CCPA 57, 59, C.A.D. 1120, 496 F.2d 1228, 1230 (1974); *Commonwealth Oil Refining Co. v. United States*, 60 CCPA 162, 166, C.A.D. 1105, 480 F.2d 1352, 1355 (1973). *See also* 6A J. Moore, MOORE'S FEDERAL PRACTICE § 59.05[5] (2d ed. 1976). In addition, Rule 59(a) of the Rules of this Court provides that, in an action tried without a jury, a rehearing may be granted "for any of the reasons for which rehearings have heretofore been granted in suits of equity in the courts of the United States...."

█ The appropriate grounds for the granting of a rehearing were set out in *W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358, C.R.D. 72–5 (1972), in which the court stated that:

A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding. *Id.* at 358.

Plaintiff has failed to demonstrate any of the grounds which would justify the granting of the motion. Specifically, plaintiff's motion for a rehearing is based upon its allegations that the court made a misstatement which it terms a clearly erroneous finding of fact. Since there is a substantial basis in the record for the statement of the court, plaintiff cannot be successful under the "clearly erroneous" standard. *See Thompson Tank & Manufacturing Co. v. Thompson*, 693 F.2d 991, 993 (9th Cir. 1982); *Beaver v. United States*, 350 F.2d 4, 11 (9th Cir.1965), *cert. denied*, 383 U.S. 937, 86 S.Ct. 1067, 15 L.Ed.2d 854 (1966). *See also* USCIT R. 52(a).

The plaintiff's allegation of factual error, in addition to being insufficient as a basis for the granting of a rehearing, is without merit.

The imported articles in this case were copper clad laminates, and not unclad laminates which utilize, for the purpose of adding copper after importation, either a semiadditive or fully-additive process. The question presented, therefore, was whether the imported merchandise consisted of "articles not specially provided for, of rubber or plastics ... other," or plastics or sheets "wholly or almost wholly of reinforced or laminated plastics."

To determine whether the imported merchandise was "wholly or almost wholly of" plastic, the court examined General Headnote 9(f)(iii) and stated that, in order for the claimed provision to be sustained, plaintiff would have to establish that the plastic core imparted the "essential character" to the imported articles. In reviewing the evidence, the court expressly rejected plaintiff's contention that the plastic core imparted the "essential character" to the copper clad laminate. The court quoted from the testimony of Dr. Jablonski that the laminate was a "composite structure," and concluded that the record left no doubt that

the "copper clad laminate" is a composite article, composed of a plastic laminate core *and* copper foil. Hence, the court found that, "even though the plastic core was an essential component of the imported article, the copper foil is also *equally essential*," 8 CIT ——, Slip Op. at 16 (emphasis in original), and concluded:

> The court finds no merit in plaintiff's argument that the plastic core is the essential element of the article. The imported merchandise, therefore, is not classifiable as plates or sheets "almost wholly of reinforced or laminated plastics," admissible duty-free under the Generalized System of Preferences.

8 CIT ——, Slip Op. 16.

By this motion for rehearing, plaintiff contends that "the Court made a clearly erroneous finding of fact inconsistent with the record" when it stated that "the testimony clearly showed that unclad laminates have a different core than copper clad laminates." 8 CIT ——, Slip Op. at 14. Plaintiff further contends that this "incorrect conclusion" was the sole basis upon which the court distinguished *Larry B. Watson Co. a/c. Decoration Products Co. v. United States*, 64 Cust.Ct. 343, C.D. 4001 (1970), which plaintiff alleges is controlling and, therefore, compels judgment in its favor.

Although the case was tried by experienced counsel who ably presented the contentions of the parties, certain findings and statements in the judicial opinion of the court, in part, depended upon the testimony of expert witnesses. Plaintiff's quarrel with a statement of the court is based upon its evaluation of the testimony of Dr. Konicek, one of its witnesses, whose testimony is quoted in plaintiff's motion papers. Based upon the testimony of its witnesses, plaintiff asserts that the court "overlooked an uncontradicted fact."

The court's statement that the laminate cores were different is based upon the credible and persuasive testimony of Dr. Jablonski that:

> In my mind, if we look at just the additive, where they add the powder in the core, *I don't think there is any debate that those two cores, the FR–4 core without a powder or the FR–4 core with a powder—that they would definitely be different* when we either transfer the laminate or solution coat, the adhesive, onto what we would call the FR–4 core, you know, does that now become a new core or is it an old core with something on it?
>
> In my mind, that *resulting composite of that we would say is FR–4 core, plus the adhesive on it, and that would be a new core, and it would be called a core. That core is not the same as an FR–4 core.*

Therefore, the basis for the court's statement was the explanation of Dr. Jablonski, one of defendant's experts, that the core of an unclad laminate must contain additional ingredients in order for it to receive copper. The core of the imported merchandise, however, needs only to be combined with copper foil to form a composite article known as a copper clad laminate.

Even if it were to be assumed that plaintiff is correct in its allegation that "at least one unclad laminate [core] ... is identical to the core of [a] ... copper clad laminate," the alleged error is not germane to the court's holding. Plaintiff misconceives the basis for the court's decision. The crux of the case was whether the plastic core imparted the "essential character" to the imported article, and not whether the cores of unclad laminates and copper clad laminates are similar or different.

The court has carefully considered the arguments made by plaintiff prior to its decision in *Oak Laminates*, as well as those made on this motion. The court, nevertheless, concludes that plaintiff has failed to rebut the clear and convincing testimony of Dr. Jablonski and Dr. Bucci as to the importance of the copper foil, and its conductive function, to the imported merchandise. As stated in the decision of the court, the record "leaves no doubt that 'copper clad laminate' is a composite article, properly described as composed of a plastic laminate core and copper foil." 8 CIT ——, Slip Op. at 16.

In view of the foregoing, the court reiterates its view that plaintiff relied too heavily upon merchandise not in question, and reaffirms its holding that, since the evidence clearly established that the plastic core and copper foil are "equally essential," the imported merchandise is not "wholly or almost wholly of plastic." Hence, the imported merchandise was properly classified as "articles not specially provided for, of rubber or plastics ... other," under item 770.05 of the tariff schedules.

For the foregoing reasons, it is the determination of the court that plaintiff has not satisfied the requirements for the granting of a rehearing. Since the court adheres to its earlier findings of fact and conclusions of law in this case, plaintiff's motion requesting a rehearing, or, in the alternative, the opening of the judgment to take additional testimony, is denied.