BOMONT INDUSTRIES, Plaintiff,

v.

UNITED STATES, Defendant,

and

Asahi Chemical Industry Co., Ltd.,
Intervenor–Defendant.

Court No. 86–05–00557.

United States Court of
International Trade.

Sept. 7, 1989.

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., John M. Breen and Lane S. Hurewitz, Washington, D.C.) for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commer-cial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Platte B. Moring, III), and Tina Stikas, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel, for defendant.

Barnes, Richardson & Colburn (James S. O'Kelly, New York City, Matthew T. McGrath and Jack M. Simmons, III, Washington, D.C.) for intervenor-defendant.

MEMORANDUM & ORDER

AQUILINO, Judge:

In this action, the court has granted in part and denied in part plaintiff's motion for judgment on the agency record per slip op. 89–94, 13 CIT ——, 718 F.Supp. 958 (June 30, 1989). Pursuant thereto, the matter was ordered remanded to the International Trade Administration, U.S. Department of Commerce ("ITA") for further proceedings not inconsistent with the opinion as to alleged transshipments of the merchandise under consideration. Otherwise, the agency's final negative dumping determination reported at 51 Fed.Reg. 15,816 (April 28, 1986) was affirmed.

The defendant has responded with a Motion for Rehearing and Stay[1], which has been joined in support by the intervenor-defendant.

Familiarity with slip op. 89–94 is presumed, but recitation herein of the context containing the statement challenged by defendant's motion might be illuminating, to wit:

Part II of the petition set forth at length "information concerning nylon impression fabric produced by or for Asahi or sold by Shirasaki transshipped through Canada and West Germany to the United States". R.Doc 1 at 49, para. 1. *See generally id.,* pp. 49–85. In the notice of initiation of its investigation, the ITA referred specifically to the allegations of transshipment in finding that the petition met the requirements of 19 U.S.C. § 1673a. *See* 50 Fed.Reg. at 28,-

---

1. In the interest of orderly proceedings, the court has granted a stay of the remand order, pending resolution of the request for rehearing.

112. Apparently, during the course of the ensuing proceedings, the petitioners pressed the ITA to investigate the alleged transshipments for sales at less than fair value. The agency's stated, final position on this point is as follows:

> We disagree. Counsel for petitioners did not provide substantiation of any kind that imports of linked nylon impression fabric from West Germany originated in Japan. To the contrary, we verified that Shirasaki did not export any of this product to West Germany. Asahi, in its response, provided affidavits from the West German importer and its purchasers, two companies which ink and distribute the Asahi merchandise, that the Japanese fabric is inked and resold to the ultimate user in Europe. Further, this investigation, as requested in the petition, covers only uninked nylon impression fabric. There were no imports of this product from West Germany during the period of investigation. 51 Fed.Reg. at 15,819.

Counsel for the defendant now admit that the foregoing assertion of no imports of this product from West Germany during the period of investigation was in error, but they argue that

> it is clear from the record that the agency meant to say that there were no *transshipped* imports of uninked impression fabric from West Germany.

The intervenor-defendant argues that the ITA Report of Investigation of Asahi in Osaka, Japan

> clearly indicates at page 5 that the Department verified reported sales to West Germany during the period of investigation as set forth in Asahi's questionnaire answer. The fact that the verification report did not refer specifically to "transshipments" does not indicate that the Department failed

to verify Asahi's sales to third country markets.[2]

■ In line with this discussion and review of the administrative record, the court concluded that the ITA had failed to verify on its own, as required by 19 U.S.C. § 1677e(a) (1984), the allegations of transshipment. Defendant's motion contests the court's statement, *supra*, that the ITA "referred specifically" to the allegations of transshipment in finding that the petition met the requirements of 19 U.S.C. § 1673a, arguing that no such reference appears in the notice of initiation of the investigation. The intervenor-defendant adds that that "statement, which is factually incorrect, regrettably underlies and fatally taints that entire portion of the Court's opinion."[3]

That part of the ITA's notice of initiation to which the court referred states:

> Petitioners also allege that third country sales to West Germany of nylon impression fabric by Shirasaki are being made at less than the cost of production.

\* \* \* \* \* \*

Initiation of Investigation

> Under section 732(c) of the Act, we must determine ... after a petition is filed[ ] whether it sets forth the allegations necessary for the initiation of an antidumping duty investigation and whether it contains information reasonably available to the petitioner supporting the allegations.
>
> We examined the petition on nylon impression fabric and found that it meets the requirements of section 732(b) of the Act. Therefore, ... we are initiating an antidumping duty investigation to determine whether nylon impression fabric from Japan, produced by or for the account of Asahi and Shirasaki, is being or is likely to be, sold in the United States at less than fair value.[4]

2. Slip op. 89–94, 718 F.Supp. at 963–964 (footnotes omitted, emphasis in original).

3. Response of Defendant–Intervenor Asahi in Support of Defendant's Motion for Rehearing and Stay [hereinafter referred to as "Intervenor-defendant's Memorandum"], p. 2.

4. Dep't of Commerce Int'l Trade Admin., *Nylon Impression Fabric from Japan: Initiation of Antidumping Duty Investigation,* 50 Fed.Reg. 28,111, 28,112 (July 10, 1985).

Of necessity, in reviewing the administrative record in conjunction with plaintiff's dispositive motion, the court read the lengthy original petition, almost half of which set forth allegations "concerning nylon impression fabric produced by or for Asahi or sold by Shirasaki transshipped through Canada and West Germany to the United States". R.Doc 1 at 49, para. 1. *See generally id.*, pp. 49–85. While the papers of the defendant and intervenor-defendant may now make a point on semantics, any inference that transshipment was not an issue before the ITA is belied by the record. *See, e.g.*, R.Doc 21 at 1 and app. I, § A; R.Doc 24 at para. 5(A); R.Doc 34 at 4–6; R.Doc 35 at 2; R.Doc 37 at 5, annexes 5–1 through 5–4; R.Doc 38 at 2–3; R.Doc 44 at 15–16; R.Doc 47 at 3–4; R.Doc 56 at 20; R.Doc 97 at 11; R.Doc 149 at 77–93; R.Doc 162 at 33–42; and R.Doc 166 at 43–53. *See also Royal Business Machines, Inc. v. United States*, 1 CIT 80, 87, 507 F.Supp. 1007, 1014 (1980) ("even if . . . believed . . . to be an 'orange' among 'apples', so long as the Department of Commerce . . . consider[ed] it to belong to a certain class it remained so for the purpose of the proceedings"), *aff'd*, 669 F.2d 692 (CCPA 1982). Indeed, "transshipping" or "transshipment" was also an issue on judicial review and was therefore argued at length in opposition to plaintiff's motion[5]. And it is now the subject of attempted reargument. *See generally* Intervenor-defendant's Memorandum, point III.

■ Of course, reargument is inherent in a motion of the kind now before the court, but the purpose of a rehearing is not to relitigate. *E.g., Belfont Sales Corp. v. United States*, 12 CIT ——, ——, 698 F.Supp. 916, 918 (1988), *aff'd*, 878 F.2d 1413 (Fed.Cir.1989); *BMT Commodity Corp. v. United States*, 11 CIT ——, ——, 674 F.Supp. 868, 869 (1987). Rather, a rehearing is a

> method of rectifying a significant flaw in the conduct o[f] the original proceeding. *W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358, 358, C.R.D. 72–5 (1972).

The exceptional circumstances for granting a motion for rehearing are well established:

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available at the time of trial; or (4) an occurrence at trial in the nature of an accident or an unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*North Am. Foreign Trading Corp. v. United States*, 9 CIT 80, 80, 607 F.Supp. 1471, 1473 (1985), *aff'd*, 4 Fed.Cir. (T) 43, 783 F.2d 1031 (1986); *Oak Laminates d/o Oak Materials Group v. United States*, 8 CIT 300, 302, 601 F.Supp. 1031, 1033 (1984), *aff'd*, 4 Fed.Cir.(T) 43, 783 F.2d 195 (1986); *V.G. Nahrgang Co. v. United States*, 6 CIT 210, 211 [1983 WL 2203] (1983). In ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 9 CIT 77, 78 (1985); *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336–37, 601 F.Supp. 212, 214 (1984).

*RSI (India) Pvt., Ltd. v. United States*, 12 CIT ——, ——, 688 F.Supp. 646, 647 (1988).

Whatever the superficial semantical appeal of defendant's motion, it does not begin to approach any of the "exceptional circumstances" discussed in the foregoing case(s). Hence, rehearing must be denied.

So ordered.

■

---

5. *See generally* Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment Upon the Agency Record, pp. 33–40; Intervenor Asahi Chemical Industry Co., Ltd.'s Brief in Opposition to Plaintiff Bomont Industries' Motion for Judgment on the Agency Record, pp. 30–38.