**BOMONT INDUSTRIES, Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**Asahi Chemical Industry Co., Ltd., Intervenor–Defendant.**

**Court No. 86–05–00557.**

United States Court of International Trade.

March 28, 1990.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart and Geert De Prest, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jeanne E. Davidson, and Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce, Tina M. Stikas, Washington, D.C., of counsel, for defendant.

Barnes, Richardson & Colburn, James S. O'Kelly, Matthew T. McGrath and Jack M. Simmons, III, New York City, for intervenor-defendant.

## MEMORANDUM

AQUILINO, Judge:

In this action, the court granted in part and denied in part plaintiff's motion for judgment on the agency record per 13 CIT ——, 718 F.Supp. 958, *rehearing denied,* 13 CIT ——, 720 F.Supp. 186 (1989), familiarity with which is presumed. Pursuant thereto, the matter was ordered remanded to the International Trade Administration, U.S. Department of Commerce ("ITA") for further proceedings as to alleged transshipments of the merchandise under consideration. That is, the petition below contained allegations concerning nylon impression fabric produced in Japan and transshipped through West Germany to the United States. After review of the administrative record in conjunction with plaintiff's motion, the court concluded that the ITA had failed to verify on its own, as required by 19 U.S.C. § 1677e(a) (1984), the information developed on those allegations and upon

which it relied. Otherwise, the agency's final negative dumping determination reported at 51 Fed.Reg. 15,816 (April 28, 1986) was affirmed.

The ITA has filed with the court the results of the proceedings on remand which state (at page 3):

> In accordance with the Court's instructions, we selected for verification a Japanese trading company that purchased NIF from Asahi and resold it to its subsidiary in the FRG during the period of investigation. In the FRG, we selected for verification the Japanese trading company's subsidiary, as well as two of the subsidiary's West German customers. We conducted on site verifications in Japan and the FRG during the week of October 2–6, 1989. We requested and were shown sales invoices, shipping documents, export files and contract ledgers for the period under investigation, which confirmed that all shipments of NIF were made either within the FRG or to countries other than the United States. As a result, Asahi's statement in its questionnaire response (and the supporting affidavits) that its merchandise subject to the investigation was not transshipped through the FRG to the United States is verified as being accurate.

Plaintiff's response has been to interpose a motion for further remand proceedings based upon its written Response in Opposition to the Remand Results Reached by the International Trade Administration.[1] The response repeats a comment made to the agency during remand, namely, that the "investigation, because no additional verification of Asahi was conducted, does not exclude the possibility that additional sales were made via a second trading company." *Id.* at 9; remand record document 32 at 4–5. In effect, the plaintiff agrees that the ITA properly verified the transactions referred to originally in the affidavits provided by Asahi. And it "does not dispute that 19 U.S.C. § 1677e does not necessarily require ITA to verify every reported sale,

and that verification of a sample of sales may be sufficient." Plaintiff's Response, p. 10. Rather, it clings to the concept that transactions occurred other than those now verified and, on remand, they should have been investigated by the ITA.

Clearly, the agency was at liberty on remand to conduct further investigation, but, on the record developed, little more than surmise existed (or exists) in support thereof. *Cf. Asociacion Colombiana de Exportadores de Flores v. United States,* 13 CIT ——, ——, 704 F.Supp. 1114, 1117 (1989) ("[s]peculation is not support for a finding of failure to verify"). That is, the court has reviewed the record, which shows that the ITA has now verified in an acceptable manner the nature of sales of Asahi merchandise to West Germany. It also shows substantial evidence in support of the ITA's conclusion that that merchandise was not transshipped to the United States. It does not show evidence tending to support plaintiff's belief that other shipments of Asahi merchandise to Germany were intended from the outset for shipment to this country.

Of course, verification is like an audit, the purpose of which is to test information provided by a party for accuracy and completeness. Normally, an audit entails selective examination rather than testing of an entire universe. Hence, evasion is a common possibility, but only when audits uncover facts indicating the actuality thereof are auditors compelled to search further. The ITA's verification on remand herein did not point to evasion.

The court's opinion, 718 F.Supp. 958, recited the fact uncovered during the ITA's original investigation that inked, as opposed to uninked, Asahi nylon impression fabric had been shipped from West Germany to the United States. *See* 13 CIT at ——, 718 F.Supp. at 963. While not disputing that "the class or kind of merchandise included in the scope of the investigation as described in the notice of initiation covered

---

**1.** This response sets forth plaintiff's position with sufficient clarity to make grant of its accompanying motion for oral argument unnecessary.

*uninked* fabric only"[2], the plaintiff argues that

issues with regard to the *class or kind of merchandise* included in the scope of the investigation are distinct from issues with regard to the *country of origin.* All uninked fabric *of Japanese origin* exported to the United States is properly subject to the order. This of course includes any Japanese fabric transshipped through Germany. Inking in Germany would remove the product from the reach of the investigation only if this process constituted such a substantial transformation so as to change the country of origin from Japan to West Germany. *3.5" Microdisks and Coated Media Thereof from Japan,* 54 Fed.Reg. 6433, 6435 (Dep't Comm.1989) ("Determinations of 'class or kind' and the country-of-origin involve two separate inquiries."); *Calcium Pantothenate from Japan,* 45 Fed.Reg. 59,933 (Dep't Comm. 1989) ("For dumping purposes transshipped merchandise is within the scope of the finding, unless the merchandise has undergone substantial transformation or reprocessing which results in a product with a new character or use.")[3]

The ITA rejected plaintiff's position, essentially on the ground that the remand did not encompass the question of substantial transformation of the uninked merchandise. Now, the defendant not only relies on this point but also argues, among other things, that inked nylon impression fabric was specifically determined to be beyond the scope of the investigation[4] and that the Court of International Trade has sustained antidumping determinations that deviate from substantial transformation principles applied by the Customs Service, citing *Royal Business Machines v. United States,* 1 CIT 80, 507 F.Supp. 1007 (1980), and *Roquette Freres v. United States,* 7 CIT 88, 583 F.Supp. 599 (1984).

This stance is sustainable. Not only did the ITA comply with the order of remand,

albeit in the narrowest manner permissible, it carried out its responsibilities in accordance with law, and the results on remand are supported by substantial evidence on the record. Moreover, the court points out in conclusion that to transship is merely to transfer for further transportation from one ship or conveyance to another. If this is the phenomenon the plaintiff complains of, no basis for the complaint has been developed, and judgment must therefore enter in favor of the defendant.

### JUDGMENT

This action having been duly submitted for decision, and the court, after due deliberation, having rendered a decision herein; Now, therefore, in conformity with said decision, it is

ORDERED that the results of the remand to the International Trade Administration, U.S. Department of Commerce of its final determination of sales at not less than fair value of nylon impression fabric from Japan be, and they hereby are, affirmed; and it is further

ORDERED, ADJUDGED and DECREED that this action be, and it hereby is, dismissed.

---

**2.** Plaintiff's Response, p. 13 (emphasis in original).

**3.** *Id.* at 14 (emphasis in original).

**4.** Citing *Antidumping; Nylon Impression Fabric From Japan; Final Determination of Sales at Not Less Than Fair Value,* 51 Fed.Reg. 15,816 (April 28, 1986).