**RICHARD NELSON CO., Arthur J. Fritz & Co.**

v.

**UNITED STATES.**

**C.R.D. 72–4; Port of San Francisco, Court No. 66/19050–109319 on fabrics of special construction.**

United States Customs Court, Second Division.

Feb. 17, 1972.

---

**32.** Introduction, plaintiff's exhibit 123.

**1320**

Glad & Tuttle, Los Angeles, Cal. (George R. Tuttle Los Angeles, Cal., of counsel), for plaintiffs.

L. Patrick Gray, III, Asst. Atty. Gen. (Gilbert Lee Sandler, New York City, trial attorney), for defendant.

RAO, Judge:

In this case, a deposition previously taken under "Commission to Take Depositions No. 1546" was ordered suppressed because the witness gave his testimony after consulting notes. It was also ordered that a new Commission issue, and time was granted to the parties to file interrogatories and cross-interrogatories. These have now been filed and plaintiffs in this motion seek to have stricken the following cross-interrogatories submitted by defendant:

19. Have you consulted, or otherwise relied upon, any notes, documents, memoranda, or other written materials, in arriving at your answers to either the direct or cross-interrogatories?

20. If you answered the preceding question in the affirmative, attach all such notes, documents, memoranda, or other written materials.

21. If you are unable to produce the materials requested in the preceding question, state why you are unable to produce said materials, and describe in detail the nature of the materials, their contents, and by whom they were written.

22. If you are the same person who appeared on June 29, 1971, at the American Embassy, Grosvenor Square London, W. 1, England, and answered questions promulgated under "Commission to Take Depositions 1546," attach hereto the notes, documents, memoranda, or other written materials which you consulted at the time of that prior examination.

23. If you are unable to produce the materials requested in the preceding question, state why you are unable to produce said materials, and describe in detail the nature of the materials, their contents, and by whom they were written.

Two questions are presented:

1. Whether defendant is entitled to examine any notes, documents, memoranda or other written materials consulted by deponent *before*, as well as during, his examination.

2. Whether the notes or other written materials which deponent consulted at the time of the previous examination should be produced as requested by defendant.

It is well settled that where a witness uses notes, documents or memoranda to refresh his recollection while testifying, the opposing party or counsel is entitled to inspect them and may use them for purposes of cross-examination to determine whether they would tend to bring the facts into the mind of the witness. Plaintiffs concede this right. Said right is generally limited to notes or other memoranda used at the trial and does not extend to materials consulted by the witness prior to testifying.

The authorities are in conflict on this point, however. McCormack on Evidence 17; Richardson on Evidence § 480 (9th ed.); Wigmore on Evidence § 762 (3d ed.); Note on refreshment of recollection by use of memoranda or. other writings, 125 A.L.R. 19, 194–5, 200; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942); The Alpha, 44 F.Supp. 809 (D.C.1942); Lennon v. United States, 20 F.2d 490 (8 Cir. 1927).

In the *Goldman* case the court stated (316 U.S. p. 132, 62 S.Ct. p. 995):

We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them. Where, as here, they are not only the witness' notes but are also part of the Government's files, a large discretion must be allowed the trial judge. We are unwilling to hold that the discretion was abused in this case.

In Lennon v. United States, *supra,* the court pointed out (20 F.2d p. 494):

* * * Witnesses frequently refresh their memories before going into court, by referring to papers in their possession which are not taken into court; and where they rely on their recollection of the facts, as this witness did, it is not necessary that the writing be produced. It is only where the witness uses the paper to refresh his memory while on the stand that there exists a right to compel the production of the writing for inspection. * * *

In the instant case defendant has asked for any notes, documents, memoranda, or other written materials consulted by deponent. This demand is vague and indefinite and not fixed as to time. It could cover a wide range, including company books and records not available for attachment to the deposition, and materials which did not in fact refresh the recollection of the witness.

■ Under the circumstances of this case, we follow the more usual rule and

hold that defendant's right to the production and inspection of written materials consulted by the witness is limited to those used during the examination.

■■ On the question of the production of notes or materials consulted at the time of the previous examination, we note that there is authority for the proposition that, although a suppressed deposition cannot be used in any subsequent trial, it may be used by the adverse party during the trial to contradict any sworn statement of the witness. 26A C.J.S. Depositions § 85, at p. 430 and cases cited. Defendant here claims that its right to so use the suppressed deposition will be impaired if the contents of the notes remain undisclosed. In the present situation, defendant is entitled to have produced and to inspect the notes used by deponent during the previous examination but not any materials consulted prior thereto.

We might point out that an examination on written interrogatories can never be as beneficial as an oral one conducted before a judge. In view of these difficulties the Customs Courts Act of 1970 has provided for evidentiary hearings in foreign countries upon application of a party and upon a showing that the interests of economy and justice will be served by such a hearing. 28 U.S.C. § 256, as amended. Thus, where the circumstances warrant, the parties may obtain a fuller and more satisfactory examination of witnesses by a hearing abroad presided over by a judge of this court.

In the instant case, plaintiffs' motion to strike cross-interrogatories 19 through 23 is granted, with leave to defendant to submit within 15 days substitute questions limited to the production of notes or other written materials which may be used by deponent to refresh his recollection while the deposition is being taken or which were used by him during the course of the previous examination.

FORD, J., concurs.