The UNITED STATES, Plaintiff,

v.

GOLD MOUNTAIN COFFEE, LTD., et al., Defendants.

Court No. 84–6–00858.

United States Court of International Trade.

Dec. 17, 1984.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Kevin C. Kennedy, Civil Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Barnes, Richardson & Colburn, Andrew P. Vance, Michael A. Johnson, John J. Galvin, New York City, and Carl J. Laurino, Jr., Valley Stream, N.Y., and Kaplan, Russin, Vecchi, Eytan & Collins, Mattaniah Eytan, San Francisco, Cal., for defendants.

## OPINION AND ORDER

RESTANI, Judge:

This matter is before the court on plaintiff's motion, pursuant to 28 U.S.C. § 2646 (1982) and Rule 59 of the Rules of this Court, for rehearing of this court's opinion and order in this action. 8 CIT ——, 597 F.Supp. 510 (1984). That opinion and order granted defendants' motion to quash plaintiff's amended warrant for arrest of certain coffee beans.

Now, in its motion for rehearing, plaintiff argues that: (1) plaintiff's arrest warrant was proper because it was intended to vest *in rem* jurisdiction in this court; (2) 19 U.S.C. § 1592(c)(5) (1982)[1] contemplates

---

1. 19 U.S.C. § 1592(c)(5) (1982) provides:

If the Secretary has reasonable cause to believe that a person has violated the provi-

forfeiture in addition to penalties where prohibited merchandise is involved; and (3) coffee beans are prohibited merchandise. Plaintiff does not seek rehearing of the court's decision declining jurisdiction over plaintiff's claim under 18 U.S.C. § 545 (1982). For the following reasons, plaintiff's motion for rehearing is denied in all respects.

■ A motion for rehearing is addressed to the sound discretion of the court. *Nahrgang Co. v. United States*, 6 CIT —, Slip Op. 83–108 at 2 (1983), *citing Commonwealth Oil Refining Co. v. United States*, 60 CCPA 162, 166, 480 F.2d 1352, 1355 (1973). In general, "a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding." *Nahrgang* at 3, *citing W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358 (1972). A rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case. *Id.* In any event, in ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *Quigley & Manard, Inc. v. United States*, 61 CCPA 65, 496 F.2d 1214 (1974). Furthermore, "arguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed during trial for the moving party to

have adequately made its position known." *Wild Heerbrugg Instruments Co. v. United States*, 81 Cust.Ct. 141 (1978).

■ First, plaintiff argues that an arrest warrant is necessary to invest this court with *in rem* jurisdiction over the coffee beans at issue. Arrest, however, is not necessary to *in rem* jurisdiction if plaintiff has control of the goods. *See Dodge v. United States*, 272 U.S. 530, 532, 47 S.Ct. 191, 192, 71 L.Ed. 392 (1926). *See also United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 450 (9th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984); *Interbartolo v. United States*, 303 F.2d 34, 38–39 (1st Cir.1962); Fraser, *Actions In Rem*, 34 CORNELL L.Q. 29, 38 (1948). Even if *in rem* relief is appropriate, which the court found not to be the case here, there is simply no necessity for the arrest of the beans in order for this court to render an enforceable judgment of forfeiture.[2]

■ Second, plaintiff argues, as it did in its previous briefs, that § 1592(c)(5) provides for forfeiture in addition to monetary penalties where prohibited merchandise is involved. Plaintiff's interpretation of that section is that prohibited goods should be forfeited under § 1592 regardless of the penalty assessed. The basis of this argument is that the statute provides that prohibited goods, when properly seized, need not be returned by the Secretary upon the deposit of security for any penalties which may be assessed. 19 U.S.C. § 1592(c)(5).

Plaintiff here seeks to sustain a court imposed arrest of property although sei-

---

sions of subsection (a) of this section and that such person is insolvent or beyond the jurisdiction of the United States or that seizure is otherwise essential to protect the revenue of the United States or to prevent the introduction of prohibited or restricted merchandise into the customs territory of the United States, then such merchandise may be seized and, upon assessment of a monetary penalty, forfeited unless the monetary penalty is paid within the time specified by law. Within a reasonable time after any such seizure is made, the Secretary shall issue to the person concerned a written statement containing the reasons for the seizure. After seizure of mer-

chandise under this subsection, the Secretary may, in the case of restricted merchandise, and shall, in the case of any other merchandise (other than prohibited merchandise), return such merchandise upon the deposit of security not to exceed the maximum monetary penalty which may be assessed under subsection (c) of this section.

2. Under § 1592, forfeiture (the *in rem* relief under discussion) will ordinarily not be permitted unless the monetary penalty imposed is not paid. 19 U.S.C. § 1592(c)(5). Thus, all prerequisites to forfeiture have not yet occurred.

zure by the Secretary of the Treasury ("Secretary") is authorized only upon a specific statutory basis. For the court to uphold the arrest of the goods on plaintiff's unsupported request, would be to ignore the statutory scheme provided for under § 1592. Neither party has made a showing to the court as to what determinations the Secretary made pursuant to § 1592 regarding these coffee beans. As long as the government maintains control of the beans pursuant to the voluntary constructive seizure agreement, it is unlikely that the Secretary will be able to involuntarily seize these coffee beans under § 1592. Furthermore, plaintiff has made no showing that the voluntary constructive seizure agreement constitutes the "seizure" contemplated by § 1592. In addition, it is most likely that Congress under § 1592 did not require the return of prohibited goods because almost all such goods are subject to forfeiture under other statutes.[3] As stated previously, § 1592(c)(5) applies largely to interim remedies. It is not the source of another basis for forfeiture. Again, this court rejects plaintiff's interpretation of § 1592 for the reasons stated above and in the court's previous opinion and order.

■ Lastly, although plaintiff asserts that the coffee beans are "prohibited merchandise", it has pointed to no statute defining that term in such a way that would cause one to conclude that these coffee beans are included in the term. Coffee beans are the type of goods that in some situations may be imported and are not the type of goods which must necessarily be forfeited to protect the public or for some other evident reason. In addition, plaintiff's argument would make the term "restricted merchandise" superfluous. An interpretation of a statute that causes any part of it to be meaningless is strongly disfavored, "every effort [must be] made to give full force and effect to all the language contained therein." *Dart Export Corp. v. United States,* 43 CCPA 64, 74 (1956), *cert. denied,* 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 48 (1956). In short, plaintiff

has made no new argument which might convince the court that the beans are other than "restricted" goods, as the court concluded in its previous opinion.

■ In summary, the government's brief advances no argument that the court did not consider in its first decision. *Cf. Jarvis Clark Co. v. United States,* 739 F.2d 628 (Fed.Cir.1984) (denying petition for rehearing). Moreover, the court's earlier decision is neither "significantly flawed" nor "manifestly erroneous." Consequently, plaintiff has presented no acceptable grounds for rehearing.

Accordingly, plaintiff's motion for rehearing is denied and the court's previous decision to quash plaintiff's amended warrant for the arrest of the coffee beans remains.

---

**3.** *See, e.g.* 19 U.S.C. § 1305 (immoral articles).