**NORTH AMERICAN FOREIGN TRADING CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 82–1–00110.**

United States Court of International Trade.

March 1, 1985.

---

1. See *e.g.,* Section 2(b), P.L. 89–241; also Section 203, P.L. 91–271.

Fitch, King & Caffentzis, James Caffentzis, New York City, for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Jerry P. Wiskin, Civ. Div., U.S. Dept. of Justice, New York City, for defendant.

## OPINION AND ORDER

RESTANI, Judge:

Plaintiff seeks a rehearing of the court's opinion in this action pursuant to Rule 59 of the Court of International Trade. That decision upheld the validity of Executive Order No. 12,371, 3 C.F.R. 194 (1983). 600 F.Supp. 226. This executive order caused plaintiff's goods, solid-state electronic digital watches imported from Hong Kong, to be classified under a provision of the Tariff Schedules of the United States ("TSUS") providing for an *ad valorem* duty on the merchandise rather than duty-free status under the Generalized System of Preferences ("GSP").

A motion for rehearing is addressed to the sound discretion of the court. *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT ——, ——, 601 F.Supp. 212, 214, (1984), *quoting Nahrgang Co. v. United States*, 6 CIT ——, ——, Slip Op. 83–108 at 2 (1983).

This court and its predecessor have repeatedly noted that:

> A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.

*W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358 (1972) (footnote omitted), *quoted in Eiseman-Ludmar Co. v. United States*, 2 CIT 109 (1981); *Nahrgang*, 6 CIT at —, Slip Op. 83-108 at 3; *Gold Mountain Coffee, Ltd.*, 8 CIT at —, 601 F.Supp. at 215.

Plaintiff has failed to demonstrate a significant flaw in the conduct of the original proceeding that would favor a rehearing. Neither of the two reasons on which plaintiff bases its motion serves to do any more than reiterate plaintiff's original arguments. Nevertheless, the court will discuss plaintiff's assertions.

First, as plaintiff notes, under the case of *United States v. Texas Instruments, Inc.*, 69 CCPA 136, 673 F.2d 1375 (1982), plaintiff's goods, but for the Executive Order at issue, would have been classified in all likelihood under item 688.44 or item 688.45 * which cover electrical articles and not item 716.18 or 715.05 which involve watches and watch modules with mechanical movement. This court held in its first opinion that the subject articles were, nonetheless, "watches" and as such were excluded by the Trade Act of 1974, specifically 19 U.S.C. § 2463(c)(1)(B) (1982), from eligibility for GSP treatment. Thus, the court found that the part of Executive Order 12,371 which created a new non-GSP affected TSUS item for solid-state electronic digital watches, did nothing more than carry out § 2463(c)(1)(B).

At all relevant times there was no difference in the rates of duty applicable to dutiable items classified under item 688.44 (electrical articles using pre-programmed digital integrated circuits to produce sound), item 688.45 (other electrical articles) and item 688.36 (the new category for solid-state electronic digital watches). Previous executive orders (*See* Exec. Order No. 12,302, 3 C.F.R. 146 (1982) and Exec. Order No. 12,354, 3 C.F.R. 140 (1983)), however, resulted in an erroneous indication in the tariff schedules that all items classified under item 688.44 and item 688.45, which were from eligible countries, were subject to the GSP program. This aspect of the executive orders was clearly contrary to Congressional intent. As indicated in the court's original opinion, the intent of Congress, as reflected in the specific language of the Trade Act of 1974, was to exclude watches from the GSP program. 19 U.S.C. § 2463(c)(1)(B) (1982). Therefore, despite an indication of GSP eligibility under items 688.44 and 688.45, some items, that is, watches, which were classified under those items, were not eligible for duty-free treatment. Accordingly, the creation of the new item 688.36, specifically covering solid-state electronic digital watches, did not change the rate of duty applicable to these watches.

Plaintiff does not focus on this holding, but repeats its argument concerning 19 U.S.C. § 1315(a) (1982) and asserts that the court has ignored this statute which fixes the applicable rate of duty on goods at the time of entry, thereby affording duty-free status to plaintiff's goods, under the TSUS in effect at that time. As indicated, in reality there was no change in duty status. Thus, § 1315(a) is irrelevant. The court notes, however, that plaintiff fails to recognize the entire relevant language in § 1315(a) which states:

> classification under item 688.44. Any indication to the contrary in the court's previous opinion should be disregarded.

---

* Since goods imported from Hong Kong and classified under item 688.45 are not eligible for duty-free treatment, plaintiff primarily seeks

*Except as otherwise specifically provided for*, the rate or rates of duty imposed by or pursuant to this chapter or any other law on any article entered for consumption or withdrawn from warehouse for consumption shall be the rate or rates in effect when the documents comprising the entry for consumption or withdrawal from warehouse for consumption and any estimated or liquidated duties then required to be paid have been deposited with the appropriate customs officer . . . (emphasis added).

"Except as otherwise specifically provided for" may be read to apply to executive orders which carry out legislative functions, as was implied in the original opinion. Because § 1315(a) is irrelevant, however, such a reading is not required in order to sustain the executive order at issue here.

As a second ground for rehearing, plaintiff asserts that the court ignored relevant legislative history in reaching the conclusion that solid-state electronic watches were to be excluded from the GSP program. To support its contention, plaintiff cites to the testimony of witnesses during consideration of the proposed Trade Act of 1973. *Trade Reform Act of 1973: Hearings on H.R. 6767 Before the House Committee on Ways and Means*, 93 Cong., 1st Sess. 3180–3266 (1973) (*"Hearings"*). Plaintiff contends that this testimony demonstrates that Congress focused its attention on watches with conventional movements and did not consider solid-state electronic digital watches to be import sensitive. More specifically, plaintiff quotes the testimony of then president of the Benrus Corporation, Victor Kiam, III, *Hearings* at 3189–92, for the proposition that solid-state electronic watches should be treated differently from watches with mechanical movements. But, in his testimony, Mr. Kiam actually called for an *ad valorem* duty to be placed on imported digital watches in order to protect a then developing domestic industry.

■ Furthermore, plaintiff ignores the principle that "testimony presented at committee hearings, cannot in [itself] be con-sidered a guide to what Congress intended." *South Corp. v. United States*, 3 CIT 28, 33, 531 F.Supp. 180, 184, *aff'd*, 690 F.2d 1368 (Fed.Cir.1982). "[T]he views expressed by witnesses at congressional hearings are not necessarily the same as those of the legislators ultimately voting on the bill." *Austasia Intermodal Lines, Ltd. v. FMC*, 580 F.2d 642, 645 (D.C.Cir.1978), *citing McCaughn v. Hershey Chocolate Co.*, 283 U.S. 488, 493–94, 51 S.Ct. 510, 512, 75 L.Ed. 1183 (1931). Witnesses before the Committee in the relevant hearing spoke both for and against free trade of solid-state electronic digital watches. *Compare* statements of Victor Kiam, *Hearings* at 3191, *with* statements of Robert N. Noyce, *Hearings* at 3258–59. This conflicting testimony by non-legislators is not persuasive and cannot alter the plain language of the statute. In this instance, the plain language of the statute excludes "watches" from the GSP program, and the statute is not limited to conventional, mechanical movement watches. Despite the clear meaning of the plain words of the statute, the legislative history was fully examined in connection with the earlier opinion. No conflict with the wording of the statute appeared.

Accordingly, plaintiff's motion for rehearing is denied.