## NORTH AMERICAN FOREIGN TRADING CORPORATION, Appellant,

v.

## The UNITED STATES, Appellee.

### Appeal No. 85–2271.

United States Court of Appeals, Federal Circuit.

Feb. 10, 1986.

James Caffentzis, Fitch, King & Caffentzis, New York City, for appellant.

Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Dept. of Justice, New York City, for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Jerry P. Wiskin.

Before BALDWIN, Circuit Judge, MILLER, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

This appeal is from the judgment of the United States Court of International Trade holding that certain imported LCD digital alarm and/or melody watches were properly classified under item 688.36 of the Tariff Schedules of the United States and not eligible for duty-free treatment under 19 U.S.C. § 2463(c)(1)(B) and (C). The decision is affirmed on the basis of the opinion of the Court of International Trade, *North American Foreign Trading Corp. v. United States*, 600 F.Supp. 226 (1984), *reh'g denied*, 607 F.Supp. 1471 (Ct. Int'l Trade 1985).

## OPINION

■ This is not a case of retroactive imposition of duty, because the goods in question had not been finally liquidated. Executive Order 12371 by its terms applied only to watches that had not been liquidated prior to the Order. 47 Fed.Reg. 30449, 30450 (1982). No vested right to a particular classification or rate of duty or preference is acquired at the time of importation. *Norwegian Nitrogen Products Co. v. United States*, 288 U.S. 294, 318, 53 S.Ct. 350, 359, 77 L.Ed. 796 (1932); *United States v. Yoshida International, Inc.*, 526 F.2d 560, 580 (CCPA 1975).

■ In the case before us, the watches were not eligible for the benefits of the Generalized System of Preferences (GSP) at the time of their importation, in accordance with 19 U.S.C. § 2463(c)(1)(B) and (C). The Court of International Trade correctly held that the duty classification resulting from the decision in *United States v. Texas Instruments*, 673 F.2d 1375 (CCPA 1982), did not affect the GSP treatment of the watches, whether of mechanical or solid state movement. Any doubt in this regard was clarified by Executive Order 12371.

AFFIRMED.