**RSI (INDIA) PVT., LTD., et al., Plaintiffs,**

**v.**

**UNITED STATES, Defendant,**

**and**

**Pinkerton Foundry, Inc., et al., Defendant–Intervenors.**

**Court No. 87–01–00086.**

United States Court of International Trade.

June 30, 1988.

Brownstein, Zeidman & Schomer, Irwin P. Altschuler, Denise T. DePersio, David R. Amerine, and Ronald M. Wisla, and Kaplan, Russin & Vecchi, Dennis James, Jr. and Kathleen Patterson, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice, Elizabeth C. Seastrum, U.S. Dept. of Commerce, Washington, D.C., Mark J. Sadoff, for defendant.

Collier, Shannon, Rill & Scott, Paul C. Rosenthal, Carol A. Mitchell and Robin H. Beeckman, Washington, D.C., for defendant–intervenors.

DiCARLO, Judge:

Indian exporters and United States importers of iron-metal construction castings from India (plaintiffs) move under Rule 59 of the Rules of this Court for a rehearing of *RSI (India) Pvt., Ltd. v. United States,* 12 CIT ——, 687 F.Supp. 605 (1988), which affirmed the determination of the International Trade Administration of the United States Department of Commerce (Commerce) to countervail the entire amount of International Price Reimbursement Scheme (IPRS) payments.

Plaintiffs submit that the Court (1) "misapplied" 19 U.S.C. § 1677(6) to reach its holding that Commerce lawfully countervailed the IPRS payments in full and (2) neglected to consider Commerce's duty to conduct a thorough investigation. Plaintiffs raise no challenge to the portions of the opinion concerning the calculation of the net benefit of the IPRS payments to RSI (India) Pvt., Ltd. or the calculation of the interest rate benchmark for packing credit loans.

## Discussion

The granting of a motion for rehearing is within the sound discretion of the court. *Quigley & Manard, Inc. v. United States,* 61 CCPA 65, 67, C.A.D. 1121, 496 F.2d 1214, 1214 (1974); *Commonwealth Oil Ref. Co. v. United States,* 60 CCPA 162, 166, C.A.D. 1105, 480 F.2d 1352, 1355 (1973). The purpose of a rehearing is not to relitigate a case. *BMT Commodity Corp. v. United States,* 11 CIT ——, 674 F.Supp. 868, 869 (1987). A rehearing is a method of rectifying a significant flaw in the conduct or the original proceeding. *W.J. Byrnes & Co. v. United States,* 68 Cust.Ct. 358, 358, C.R.D. 72–5 (1972). The

exceptional circumstances for granting a motion for rehearing are well established: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available at the time of trial; or (4) an occurrence at trial in the nature of an accident or an unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case. *North Am. Foreign Trading Corp. v. United States,* 9 CIT 80, 80, 607 F.Supp. 1471, 1473 (1985), *aff'd,* 4 Fed. Cir. (T) 43, 783 F.2d 1031 (1986); *Oak Laminates d/o Oak Materials Group v. United States,* 8 CIT 300, 302, 601 F.Supp. 1031, 1033 (1984), *aff'd,* 4 Fed.Cir. (T) 43, 783 F.2d 195 (1986); *V.G. Nahrgang Co. v. United States,* 6 CIT 210, 211 (1983). In ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.,* 9 CIT 77, 78 (1985); *United States v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 336–37, 601 F.Supp. 212, 214 (1984).

1

Plaintiffs submit that the Court's decision is "fundamentally flawed" because the Court "misapplied" Congress' definition of "net subsidy" in 19 U.S.C. § 1677(6) (1982). The reference to the statute appeared only in the Court's survey of the entire statutory scheme as an aid to correctly apply the countervailing duty laws:

Under the countervailing duty laws, a subsidy has the same meaning as the term "bounty or grant" and is defined to include a government's provision of goods at preferential rates and a government's assumption of any costs or expenses of manufacture or production. 19 U.S.C. § 1677(5)(B)(ii) and (iv) (1982). The countervailing duty law requires that the amount of any countervailing duty imposed on foreign merchandise be "equal to the net amount of such bounty or grant, however the same be paid or bestowed." 19 U.S.C. § 1303(a) (1982). Although the phrase "net amount" is undefined, *see* S.Rep. No. 249, 1st Sess.

85, *reprinted in* 1979 U.S. Code Cong. & Admin. News 471, the countervailing duty law also requires the amount of a duty imposed to be "equal to the amount of the net subsidy." 19 U.S.C. § 1671(a) (Supp. IV 1986). To determine the "net subsidy," Congress has directed Commerce to subtract from the gross subsidy the amount of

(A) any application fee, deposit, or similar payment paid in order to qualify for, or to receive, the benefit of the subsidy,

(B) any loss in the value of the subsidy resulting from its deferred receipt, if the referral is mandated by Government order, and

(C) export taxes, duties, or other charges levied on the export of merchandise to the United States specifically intended to offset the subsidy received.

19 U.S.C. § 1677(6) (1982). These three items do not expressly include the nonexcessive portion of rebates as an adjustment to the amounts of a gross subsidy, and the legislative history of this provision shows that Congress intended this list to be narrowly drawn and all inclusive. S. Rep. No. 249, 96th Cong., 1st Sess. 86, *reprinted in* 1979 U.S. Code Cong. & Admin. News 472.

*RSI (India) Pvt., Ltd.*, 12 CIT at ——, 687 F.Supp. at 610.

Contrary to plaintiffs' assertions, the Court did not "misapply" 19 U.S.C. § 1677(6) (1982) because the Court's citation to that section did not control the disposition of any of plaintiffs' claims.

The Court affirmed Commerce's determination to countervail IPRS payments in full. Commerce had found that because the formula used to calculate payments was fatally flawed in the absence any relationship between the amount of IPRS payments and actual pig iron consumption and in the absence of a true world market price for pig iron. In rejecting plaintiffs' claims, the Court found the Indian government's IPRS payments worked to provide materials on terms more favorable than those commercially available on world markets

and was thus a countervailable subsidy under paragraph (d) of the Illustrative List of Export Subsidies annexed to the Agreement on Interpretation and Application of Articles VI, XVI, and XXIII of the General Agreement on Tariffs and Trade, Apr. 12, 1979, 31 U.S.T. 513, 546, T.I.A.S. 9619, 55 U.N.T.S. 194 (the GATT Subsidies Code), as incorporated into the United States Code, 19 U.S.C. §§ 1677(5)(A), 2502(1), and 2503(c)(5) (1982). The Court also found there was insufficient evidence to support plaintiffs' claim that IPRS payments were the functional equivalent of a duty drawback scheme, and that in the absence of any controls normally associated with a duty drawback program, Commerce acted reasonably in determining that it could not determine whether IPRS payments functioned as duty drawback.

The Court's reference to 19 U.S.C. § 1677(6) is only to show that the Court examined all the statutory provisions and legislative history pertaining to the identification and quantification of subsidies in a vain attempt to find support for plaintiffs' claims. The fact that the Court examined the statutory provisions relating to gross as well as net subsidies is not a ground for granting a rehearing.

2

■ Plaintiffs also submit that the Court neglected to consider Commerce's duty to conduct a thorough investigation.

To the extent the thoroughness of Commerce's investigation was never directly at issue, the Court does not consider arguments raised for the first time on rehearing when the moving party had a prior opportunity to adequately make its position known. *Gold Mountain Coffee*, 8 CIT at 337, 601 F.Supp. at 214. Furthermore, "[a]s long as the agency's methodology and procedures are reasonable means of effectuating the statutory purpose, and there is substantial evidence in the record supporting the agency's conclusions, the court will not impose its own views as to the sufficiency of the agency's investigation or question the agency's methodology." *Ceramica Regiomontana, S.A. v. United*

*States,* 10 CIT ——, 636 F.Supp. 961, 966 (1986), *aff'd,* 810 F.2d 1137 (Fed.Cir.1987).

The Court did consider the scope of Commerce's investigation as well as the adequacy of the evidence which Commerce had gathered in its investigation and assembled in the administrative record. *RSI (India) Pvt., Ltd.,* 12 CIT at ——, 687 F.Supp. at 610–11. Plaintiffs' dissatisfaction with the result and its desire to resurrect issues already presented in the briefs and heard at oral argument do not provide sufficient grounds to grant a motion for rehearing.

### Conclusion

Plaintiffs' motion for rehearing is denied.