KERR-MCGEE CHEMICAL CORP. PLAINTIFF, AND CHEMETALS, INC., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND TOSOH HELLAS, A.I.C., DEFENDANT-INTERVENOR

Court No. 89–05–00276

(Decided August 28, 1990)

*Drinker Biddle & Reath,* (*W.N. Harrell Smith, IV, Aryeh S. Friedman, Cynthia M. Lighty*) for plaintiff Kerr-McGee Chemical Corp.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Lloyd M. Green* and *Jane E. Meehan*), for the defendant.

## OPINION AND ORDER

RESTANI, *Judge*: On July 27, 1990 plaintiff, Kerr-McGee Chemical Corporation, filed a motion for reconsideration of the court's opinion in *Kerr-McGee Chemical Corp. v. United States,* Slip Op. 90–61 (June 28, 1990) (*Kerr-McGee II*) and for permission to brief certain issues further.[1] The court in *Kerr-McGee II* concluded *inter alia* that the International Trade Administration (ITA) "followed established practice in making its finding that alkaline EMD is similar to zinc EMD and in considering 'similar' merchandise in order to determine whether sales in the home market were 'nonexistent or inadequate.'" *Kerr-McGee II* at 25.

Plaintiff now argues that: (1) the court erroneously concluded that plaintiff failed to preserve its challenge to ITA's factual similarity findings; (2) ITA's finding that zinc EMD and alkaline EMD were of "equal commercial value," among other unspecified factual findings, was contrary to the record and, hence, improperly "acknowledged by the Court"; (3) the court erred by finding that standards found in 19 C.F.R. § 353.4(a) (1989) were improperly applied by ITA; and (4) the court placed an improper emphasis on plaintiff's failure to propose a standard for application of the multinational corporation (MNC) rule, 19 U.S.C. §1677b(d) (1988), different from that devised by ITA.

The government opposes plaintiff's motion.[2] The government maintains that (1) the court correctly found that plaintiff inadequately challenged ITA's similarity findings; (2) plaintiff failed to identify the claimed erroneous factual elements underlying ITA's determination; (3) the court's determination was correct that ITA did not abuse its discretion in utilizing standards found in 19 C.F.R. § 353.4 under the facts of this case; and (4) the court's assertion that plaintiff's "proposed no better standard for application to the facts of this case" merely emphasized the reasonableness of ITA's home market viability standard.

---

[1] The Intervenor-Plaintiff, Chemetals, Inc., concurs in the motion.

[2] Defendant-Intervenor, Tosoh Hellas, in turn, supports the government's opposition to plaintiff's motion.

DISCUSSION

The grant of a motion for rehearing, reconsideration, or retrial under Rule 59(a) is within the sound discretion of the court. *V.G. Nahrgang Co. v. United States,* 6 CIT 210, 211 (1983), *aff'd per curiam,* 741 F.2d 1363 (1984) *(citing Commw. Oil Refining Co. v. United States,* 60 CCPA 162, 166, 480 F.2d 1352, 1355 (1973)). The purpose of a rehearing is not to relitigate a case. *BMT Commodity Corp. v. United States,* 11 CIT 854, 855, 674 F. Supp. 868, 869 (1987), *aff'd per curiam,* 852 Fed. Cir. 1285 (1988), *cert. den.,* 109 S.Ct. 1120 (1989). Rather, "a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding." *V.G. Nahrgang* at 211 *(quoting W.J. Byrnes & Co. v. United States,* 68 Cust. Ct. 358 (1972)). As stated by the court in *United States v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 601 F. Supp. 212 (1984):

> A rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* at 336–37, 601 F. Supp. at 214 *(citing Nahrgang* at 211). In ruling on a motion for reconsideration, a court's decision will not be disturbed unless it is "manifestly erroneous." *Gold Mountain Coffee* at 337, 601 F. Supp. at 214 (denying motion for rehearing and *quoting Quigley & Manard. Inc. v. United States,* 61 CCPA 65, 67, 496 F.2d 1214, 1214 (1974)). *See also RSI (India) Pvt.. Ltd. v. United States,* 12 CIT 594, 595, 688 F. Supp. 646, 647 (1988).

1. *Factual Similarity Analysis:*

First, plaintiff argues the court erroneously concluded that plaintiff failed to preserve its challenge to ITA's finding that zinc EMD was sufficiently similar to alkaline EMD to be considered together for home market sales viability purposes. *See Kerr-McGee II* at 10–11 *(citing Final Determination of Sales at Less Than Fair Value; Electrolytic Manganese Dioxide [EMD] from Greece,* 54 Fed. Reg. 8,771, 8,773 (1989)). The court's most detailed statement in this regard is found in *Kerr-McGee II* at 12 n.4 which states, "[w]hether or not they preserved this claim in their Complaint is irrelevant because plaintiffs took no steps by briefing before the court or otherwise to show ITA erred in its factual finding of similarity."[3] In its oral argument, and as a result of questioning by the court, plaintiff asserted that there was no factual premise for ITA's similarity finding, *see, e.g., Kerr-McGee II* Hearing Transcript (T.R.) at 60–64. Yet, plaintiff provided minimal argument as to how the various EMD categories differed significantly from each other. Specifically, plaintiff mentioned purpose. ITA finds purpose similar while plaintiff

---

[3] Despite plaintiff's arguments a review of the briefs indicates this issue was not addressed there and plaintiff's statements at oral argument were wholly inadequate to support its claim.

finds it different because different types of batteries are involved. This is a judgment call. Plaintiff also mentioned a premium price for alkaline EMD in Japan. T.R. at 63. In connection with this point plaintiff maintains that ITA's conclusion, cited by the court, that zinc and alkaline EMD were of "equal commercial value" was contrary to the record.

Plaintiff cited at oral argument to a twenty percent variance in price in the Greek home market. While a variance in price may have a bearing on assessment of commercial value and hence on zinc and alkaline EMD similarity, it appears that ITA knew of price differences and still reached its similarity conclusion.[4] *Some* dissimilarity is not a reason to find products dissimilar overall. If factual errors were made and such errors led to an incorrect factual determination by ITA it was for plaintiff to focus on this issue in its briefs. It is the briefing which informs the court and parties as to the essence of the dispute before the court. Plaintiff has offered no reason why it did not address this issue in its brief or any reason why justice requires a new round of briefing at this time.

Plaintiff made no oral argument and has made no new argument which convinces the court that its conclusion should be reconsidered. Plaintiff had an opportunity to make its position clear with a complete and convincing discussion of the record; it did not do this. ITA's finding of similarity appears adequately supported by the record and will not be disturbed based on this presentation.

### 2. *Application of 19 C.F.R. § 353.4 Standards:*

Next, plaintiff maintains that the court was inconsistent in holding that the home market adequacy standard mentioned parenthetically in 19 C.F.R. § 353.4 was not to be applied as a "hard and fast rule," in MNC cases yet found that ITA did not abuse its discretion in applying such standards to the facts before it. In *Kerr-McGee II* the court found that there was no showing that ITA failed to make a rational determination in choosing to apply the adequacy guideline found in 19 C.F.R. § 353.4 to the facts of record. *Kerr-McGee II* at 20. No new arguments have been made. That the test applied here was mentioned in a regulation applicable to other situations does not make it an inappropriate test for these facts. No contrary regulation applied and the court found ITA's approach permissible under the statute. To require additional briefing on this issue would be equivalent to permitting a relitigation of fully briefed and argued issues; an outcome mandated only when the court's decision is shown to have been "manifestly erroneous." *Quigley* at 67, 496 F.2d at 1214. The court's decision has not been shown to be erroneous in this regard.

### 3. *Plaintiff's Duty To Suggest an Alternative Approach:*

Lastly, plaintiff maintains that the court placed an impermissible burden on plaintiff to articulate a standard, other than the one followed

---

[4] If the phrase "equal commercial value" was inaccurate it certainly was not so far removed from reality that the court would order remand because of this word choice.

by ITA, to determine home market value under the MNC rule. The court stated in *Kerr-McGee II* that, "[d]espite its arguments regarding profit, production, and purchasing patterns, plaintiffs have proposed no better standard for application to the facts of this case than the one utilized by ITA." Slip Op. at 20. The court concluded that under the facts of *Kerr-McGee II* there was no purpose in remand to ITA for the application of a different standard, because ITA's approach was appropriate.

As a *practical* matter to make its case here plaintiff needed to demonstrate a way of proceeding which would reveal ITA's method to be unreasonable, inasmuch as it had not in any other way demonstrated a reason to upset ITA's methodology. Suggesting an alternative methodology is not a general legal burden. *See Ipsco, Inc. v. United States,* 13 CIT 402, 406, n.7, 714 F. Supp. 1211, 1215 n.7 (1989). ("The peculiar facts of each case will determine how far a party must go in pointing out ITA's errors and an acceptable cure"). ITA's method is, under the facts and law, a reasonable way of proceeding. Plaintiff obviously cannot demonstrate, by proposing a better method or by any other means, that ITA was unreasonable.

In sum, plaintiff's submissions in support of its motion for reconsideration present no argument requiring the court to consider additional briefs. *Cf. Jarvis Clark Co. v. United States,* 739 F.2d 628 (Fed. Cir. 1984) (denying petition for rehearing). Moreover, the court's earlier decision is neither "significantly flawed" nor "manifestly erroneous." Consequently, plaintiff has presented no acceptable grounds for rehearing.

Accordingly, plaintiffs motion for reconsideration is denied and the court's previous decision to sustain ITA's determination remains in effect.