BOUSA, INC., F/K/A BULK OIL (USA), INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90–12–00657

(Decided June 9, 1993)

*Herbert Peter Larsen,* (Herbert Peter Larsen) for plaintiff.
*Stuart E. Schiffer,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, United States Department of Justice *(Carla Garcia-Benitez)* for defendant.

OPINION

MUSGRAVE, *Judge:* This case is before the Court on plaintiff's motion for rehearing and transfer. In Slip Op. 93–30 this Court dismissed plaintiff's action for lack of jurisdiction because plaintiff had failed to pay all liquidated duties prior to commencing the action, allegedly due to its pending bankruptcy. The plaintiff does not now assert that ruling that the Court is without jurisdiction is in error. Plaintiff moves the Court to vacate its order dismissing the case and to transfer the case pursuant to 28 U.S.C. § 1631 (1993) to the district court for referral to the bankruptcy court. The defendant opposes plaintiff's motion.

A motion for rehearing is addressed to the sound discretion of the court. *United States v. Gold Mountain Coffee,* 8 CIT 336, 601 F. Supp. 212, 213 (1984). "A rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding." *Id.,* (quoting *Nahrang Co. v. United States,* 6 CIT 210, 211 (1983)).

Plaintiff made no request for transfer in the original proceeding. However, 28 U.S.C. § 1631 provides that if a court

> finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Plaintiff may lose its right to be heard on its potentially meritorious classification claim if the filing date in this Court is not preserved. The Court therefore concludes that it is in the interest of justice to grant plaintiff's motion for transfer.

There appear at least two ways in which plaintiff might have its day in court on its classification claim. First, the bankruptcy court could authorize the payment of liquidated duties, thus overcoming the jurisdictional obstacle which led to the dismissal of this case in Slip Op. 93–30. Re-transfer to this Court would then be appropriate. Although dismissal for lack of jurisdiction is without prejudice, transfer is necessary to preserve plaintiffs rights in this circumstance, since a new filing of the classification claim may be barred by the 180 day statute of limitations. 28 U.S.C. § 2636 (1993); *See Goldlawr, Inc. v. Heiman,* 369 U.S. 435, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

Second, the bankruptcy court could determine that the liquidation of the entries violated the automatic stay and was void *ab initio*. After the eventual liquidation of the entries, plaintiff would once again have the opportunity to protest the liquidation, and to challenge action on such a protest in this court. Transfer is not required to preserve plaintiff's filing date in this circumstance, since the statute of limitations runs from the date of denial of a protest. 28 U.S.C. § 2636.

These actions appear to be within the jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 1334(b) (1993), notwithstanding the exclusive jurisdiction of this Court to resolve classification disputes under 19 U.S.C. § 1581(a) (1993). *See In re Apex Oil Company,* 131 Bankr. 712, 1991 U.S. Dist. Lexis 12,701 (E.D. Mo. 1991). Accordingly, the Court grants plaintiff's motion for rehearing, vacates the order of dismissal, and transfers this case to the United States District Court for the Southern District of New York.