DALE F. COOK, SR., CHIEF OF THE ORIGINAL CHEROKEE NATION, PLAINTIFF *v.*
UNITED STATES SENATE, PRESIDENT BILL CLINTON INDIVIDUALLY AS
AGENT FOR THE WORLD TRADE ORGANIZATION AND DIRECTOR GENERAL
THEREOF, AND THE STATES OF ALABAMA, GEORGIA, INDIANA, KENTUCKY,
MARYLAND, NORTH CAROLINA, OHIO, PENNSYLVANIA, SOUTH CAROLINA,
TENNESSEE, VIRGINIA, AND WEST VIRGINIA (THROUGH THEIR
GOVERNORS), DEFENDANTS

Court No. 95–01–00001

(Decided April 10, 1996)

*Dale F. Cook, Sr., pro se,* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, United States Department of Justice *(Jeffery M. Telep),*
for defendant, United States.
*Jeff Sessions,* Attorney General, *Carol Jean Smith,* Assistant Attorney General, for
defendant, State of Alabama.
*Michael J. Bowers,* Attorney General, *Thomas K. Bond,* Assistant Attorney General, for
defendant, State of Georgia.
*Pamela Carter,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for defen-
dant, State of Indiana.
*Chris Gorman,* Attorney General, *William B. Pettus,* Assistant Attorney General, for
defendant, State of Kentucky.
*Michael F. Easley,* Attorney General, *Jane T. Friedensen,* Assistant Attorney General,
for defendant, State of North Carolina.
*Betty D. Montgomery,* Attorney General, *David A. Oppenheimer,* Assistant Attorney
General, for defendant, State of Ohio.
*Thomas W. Corbett, Jr.,* Attorney General, *Lisa King Coleman,* Deputy Attorney Gen-
eral, for defendant, Commonwealth of Pennsylvania.
*Charles M. Condon,* Attorney General, *Treva G. Ashworth* and *Nathan Kaminski, Jr.,*
Deputy Attorneys General *(Kenneth P. Woodington),* for defendant, State of South
Carolina.
*Charles W. Burson,* Attorney General and Reporter, *Bernard W. Greene,* Assistant
Attorney General, for defendant, State of Tennessee.
*James S. Gilmore, III,* Attorney General, *Mary G. Morris,* Senior Assistant Attorney
General, for defendant, Commonwealth of Virginia.
*Darrell V. McGraw, Jr.,* Attorney General, *Donald L. Darling,* Senior Deputy Attorney
General, for defendant, State of West Virginia.

## MEMORANDUM OPINION AND ORDER

DiCARLO, *Chief Judge:* Plaintiff, Dale F. Cook, Sr., "Chief of The Origi-
nal Cherokee Nation," petitioned this court to return ownership of all
land acquired by the United States in certain agreements with the Cher-
okee Indians, or alternatively, find Congress' passage of the Uruguay
Round Agreements Act, as well as the Act itself, unconstitutional.

Specifically, plaintiff contended "the GATT[1] document was so volumi-
nous that the people were not informed of the contents and substance
thereof and could not tell their representatives how to vote. They were

---

[1] The court presumes plaintiff intended the Uruguay Round Agreements Act, Pub. L. No. 103–465, 108 Stat. 4809
(1994) (codified in scattered sections of the United States Code).

therefore denied DUE PROCESS." (Pl.'s Compl. for Decl. J. at 3) (footnote added). Plaintiff also challenged the constitutionality of the Uruguay Round Agreements Act itself, arguing that because the Constitution of the United States placed "control of COMMERCE between the United States and the Indians, including [The Original Cherokee] Nation, in the hands of the U.S. CONGRESS," governed in part through the Hopewell Treaty, Congress could not cede control over this trade relationship to the World Trade Organization. *Id.*

On February 9, 1996, the court found plaintiff lacked standing and had failed to fulfill the jurisdictional prerequisites of this court. *Cook v. United States,* Slip Op. 96–34, 20 CIT 217 (1996). Plaintiff now seeks to amend the court's order, or alternatively, moves for a rehearing.[2] (Motion to Alter at 1.) Upon the grounds presented in this court's previous opinion, the papers filed in this action, and the reasons stated below, the court denies plaintiff's motion.

## DISCUSSION

Plaintiff contends that he possesses standing to pursue this action, and upon this basis, moves for amendment of this court's order, or in the alternative, for reconsideration of this court's prior opinion. Plaintiff claims that The Original Cherokee Nation descended directly from the disbanded Cherokee Nation, and that he as Chief thereof would possess standing to pursue this action. *Id.* at 3–4. As evidence of The Original Cherokee Nation's authenticity, plaintiff notes The Original Cherokee Nation has 38 "official citizens" on its rolls, owns various establishments, including the Cherokee Coffee Shop, the Country Boy Cafe (The Original Cherokee Nation), distributes certain publications, and sells Cherokee News shirts. *Id.* at 4–5. Further, although plaintiff acknowledges The Original Cherokee Nation is not federally recognized, plaintiff claims it is a "Sovereign Nation, having all aspects of sovereignty." *Id.* at 4.

Pursuant to Rule 59, the court can alter a judgment to take additional testimony, amend findings of fact and conclusions of law, and direct entry of a new judgment. USCIT R. 59. The court will take such actions, however, only in certain well-established, exceptional circumstances. *North Am. Foreign Trading Corp. v. United States,* 9 CIT 80, 80, 607 F. Supp. 1471, 1473 (1985), *aff'd,* 4 Fed. Cir. (T) 43, 783 F.2d 1031 (1986). These circumstances are limited to: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available at the time of trial; or (4) an occurrence at trial in the nature of an accident or an unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case. *Id.*

Plaintiff has failed to demonstrate any significant flaws with the proceedings warranting reconsideration of this action or amendment of

---

[2] As a hearing was neither previously granted nor requested, plaintiff presumably intends the court to reconsider its prior opinion *de novo.*

this court's previous order. Further, plaintiff has not presented any new evidence in support of his standing which would demonstrate that he has suffered injury in fact as a result of the enactment of the Uruguay Round Agreements Act, or that would establish that he is among the class of persons protected or regulated by the Hopewell Treaty, as would be necessary to maintain this action. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–62 (1992) (finding burden falls on plaintiff to demonstrate live case or controversy, and at very minimum, general factual allegations of injury resulting from defendant's conduct.) Plaintiff merely offers generalized grievances that the Act possesses "fundamentally serious problems to consider." (Motion to Alter at 7.) As such, the wording of plaintiff's petition does not reveal that plaintiff has suffered any injury, or that such injury is imminent or even possible.

Moreover, although the plaintiff recounts, at length, the history of the Cherokee Nation and the Hopewell Treaty, he does not demonstrate that the members of The Original Cherokee Nation have "descended from a treaty signatory and 'have maintained an organized tribal structure'" in order to benefit from Treaty rights. *See Greene v. United States,* 996 F.2d 973, 976 (9th Cir. 1993) (citations omitted) (fishing treaty tribe status). Although plaintiff states that The Original Cherokee Nation operates various business entities, and that certain members of the group share Cherokee blood, this alone would not constitute a continuous, organized tribal structure that would tie The Original Cherokee Nation to that of the Cherokee treaty-signatories. *See generally United States v. Suquamish Indian Tribe,* 901 F.2d 772, 776 (9th Cir. 1990) ("That a tribe includes descendants of treaty-signatory tribes does not alone allow it the fishing rights of a treaty tribe"). By plaintiff's own admission, The Original Cherokee Nation was formed in 1985, two hundred years after the Hopewell Treaty entered into force. Hopewell Treaty with the Cherokees, Nov. 28, 1785, U.S.–Cherokees, 7 Stat. 18. As a result, plaintiff cannot establish as a proper "litigant before the court [that he] was intended to be protected, benefited, or regulated" by the Treaty. *See Autolog Corp. v. Regan,* 731 F.2d 25, 29 (D.C. Cir. 1984) (zone of interests test).

## CONCLUSION

Plaintiff has failed to demonstrate any error or irregularity, a serious evidentiary flaw, new evidence not previously available, or an unavoidable mistake which impaired his ability to adequately present this case. Rather, plaintiff has only provided additional evidence in support of his standing. Plaintiff has not demonstrated that this evidence was not previously available, and moreover, the evidence still fails to address many of the fundamental jurisdictional flaws with plaintiff's action. Accordingly, plaintiff's motion is denied.