Slip Op. 06-136

# UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————— :
:
AMERICAN NATIONAL FIRE :
INSURANCE COMPANY, as surety for :
AMLON METALS, INC. :
:
Plaintiff, :
: Before: Judith M. Barzilay, Judge
v. : Court No. 00-00022
:
UNITED STATES, :
:
Defendant. :
:
——————————————————————:

## MEMORANDUM ORDER

[Plaintiff's motion for reconsideration is denied.]

Dated: September 7, 2006

*Law Offices of Barry M. Boren* (*Barry M. Boren*) for Plaintiff American National Fire Insurance Co.

*Peter D. Keisler*, Assistant Attorney General; (*James A. Curley*), Civil Division, Commercial Litigation Branch; (*Barbara S. Williams*), Attorney in Charge, International Trade Field Office; *Aimee Lee*, International Trade Field Office; *John J. Mahon*, International Trade Field Office, United States Department of Justice for Defendant United States.

BARZILAY, JUDGE:  Plaintiff American National Fire Insurance Company ("ANF")

moves pursuant to 28 U.S.C. § 2646 and USCIT Rule 59 to have this court vacate the final

judgment for the government in *American National Fire Insurance Company v. United States*,

Slip. Op. 06-107, 2006 WL 2008537 (CIT July 18, 2006) ("*ANF I*"), rehear the matter, and enter

judgment in its favor.  *See* Pl.'s Mot. Recons. 1.  For the reasons discussed below, Plaintiff's

motion for reconsideration is denied.

The disposition of a motion for reconsideration lies within "the sound discretion of the court." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214 (1984). A court generally will grant such a motion only to "rectify[] a significant flaw in the conduct of the original proceeding." *Gold Mountain Coffee, Ltd.*, 8 CIT at 336 (quotations & citation omitted). Specifically,

> [a] rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* at 336-37. A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised . *See id.* at 337.

Plaintiff sets forth several arguments in support of its motion. ANF first claims that Customs made a protestable decision when it assessed antidumping duties against the entry in question. *See* Pl.'s Mem. Law Supp. Mot. Recons. 1. However, as Defendant correctly notes, Plaintiff raised this argument previously, and the court fully addressed the claim.[1] *See* Def.'s Opp'n Pl.'s Mot. Recons. 2-3; *see also ANF I*, Slip. Op. at 12-13. ANF also repeats its earlier, conclusory argument that it suffered harm because Customs failed to follow its regulations. *See* Pl.'s Mem. Law Supp. Mot. Recons. 2-4. The court likewise examined this claim and held that the procedural irregularities that arose from Customs' failure to follow its regulations resulted in harmless error. *See ANF I*, Slip. Op. at 16. Plaintiff's third argument also rehashes its prior

---

[1]ANF also fails to mention in its memorandum that "[t]he Entry Summary form [submitted to Customs by the importer] described the product as 'Ferroalloys, Other' and classified it under the corresponding [HTSUS] subheading 7202.29.0050," which was subject to the relevant antidumping order. *ANF I*, Slip. Op. at 3 (citing Pl.'s Ex. B).

claim that it deserves equitable tolling, a claim which this court denied. *See* Pl.'s Mem. Law Supp. Mot. Recons. 6-10; *ANF I*, Slip. Op. at 20-22. Finally, ANF insists that it is entitled to a rehearing because it could not obtain meaningful relief from 19 U.S.C. § 1581(c). *See* Pl.'s Mem. Law Supp. Mot. Recons. 10. As ample case law attests, this court may assert jurisdiction under § 1582(i) when jurisdiction under other subsections of § 1581 prove manifestly inadequate. *See Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1275-76 (Fed. Cir. 2006). Nevertheless, because ANF failed to file its summons and complaint simultaneously, the court has no jurisdiction to hear its § 1581(i) claims. *See ANF I*, Slip. Op. at 9 n.8. In sum, Plaintiff has failed to present adequate reason why the court should grant its motion.

Therefore, upon reading Plaintiff's motion for reconsideration of this court's judgment entered on July 18, 2006; Defendant's opposition thereto; and upon consideration of other papers and proceedings had herein, it is hereby

ORDERED that Plaintiff's motion for reconsideration is denied.

September 7, 2006                                    /s/ Judith M. Barzilay

Dated:_____                    _____
        New York, NY                                    Judge

<u>ERRATA</u>

Please make the following changes to *Am. Nat'l Fire Ins. Co. v. United States*, Court No. 00-00022, Slip. Op. 06-136 (CIT Sept. 7, 2006).

Page 3:    In the third line on the page, replace "19" with "28".

In the fifth line on the page, replace "1582" with "1581".

October 17, 2006