Slip-Op. 07-97

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                           :
JOHN R. DEMOS,                             :
                                           :
                Plaintiff,                 :
                                           :
                                           :    Before: Judith M. Barzilay, Judge
        v.                                 :    Consol. Ct. No. 07-00014
                                           :
UNITED STATES,                             :
                                           :
                Defendant.                 :
_____:

MEMORANDUM ORDER

[Plaintiff's motion for reconsideration is denied.]

(*John R. Demos, Jr.*), Plaintiff, *Pro Se*.

*Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director; (*Michael D. Panzera*), Commercial Litigation Branch, Civil Division, U.S. Department of Justice for Defendant United States.

Dated: June 25, 2007

**BARZILAY, JUDGE:**

Plaintiff in the above captioned matter moves pursuant to USCIT Rule 59(a)(2) to have this court reconsider its judgment in *Demos v. United States*, No. 07-82, 2007 WL 1492413 (CIT May. 23, 2007), granting Defendants' motion to dismiss and motion for restrictions on future filings. For the reasons discussed below, Plaintiff's motion for reconsideration is denied, and Plaintiff is barred from making any future filings with this Court without advance approval of a judge from this Court.

The disposition of a motion for reconsideration lies within "the sound discretion of the court." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214

(1984). A court generally will grant such a motion only to "rectify[] a significant flaw in the conduct of the original proceeding." *Id.* (quotations & citation omitted). Specifically,

> [a] rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* at 336–37, 601 F. Supp. at 214. A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised. *See id.* at 337, 601 F. Supp. at 214.

As in his original complaints, Plaintiff sets forth numerous, often incoherent, non-justiciable arguments in support of his motion. *See, e.g.*, Mot. Recons. 3 ("*Reasons Why Motion Should Be Granted . . . .* The U.S. Court of International Trade has jurisdiction over and the power to 'review' all matters, issues, and laws that concern, and impact upon the following: Gold hoarding by a few countries."). *See generally* Mot. Recons. Because these claims set forth no legitimate grounds upon which the court should reconsider its decision and simply mark yet another attempt by Plaintiff to congest the court system with frivolous litigation, it is hereby

ORDERED that Plaintiff's motion for reconsideration is DENIED. Furthermore, it is

ORDERED that Plaintiff is barred from making any future filings with this Court without advance approval of a judge from this Court.

June 25, 2007                                             /s/ Judith M. Barzilay

Dated:_____          _____
    New York, NY                                              Judge