Kimberly A. AZEVEDO and Eric Ehn, individually and on Behalf of all persons similarly situated, Plaintiffs,

v.

The HOUSING AUTHORITY OF The CITY OF SARASOTA; Walter Brown, Executive Director; and Rose Hunt, Section 8 Project Manager; Defendants.

No. 92–356–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Oct. 27, 1992.

William P. Matturro, Gulfcoast Legal Services, Inc., Sarasota, Fla., for Kimberly A. Azevedo.

William P. Matturro, Gulfcoast Legal Services, Inc., Sarasota, Fla., John Emile Dubrule, John Patrick Cunningham, Gulfcoast Legal Services, Inc., St. Petersburg, Fla., for Erik Ehn.

Michael Anthony Moran, Joy, Gause, Genson & Moran, Sarasota, Fla., for Housing Authority, Walter Brown and Rose Hunt.

### ORDER GRANTING MOTION TO DISMISS AND DISMISSAL OF CLASS ACTION

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss filed April 9, 1992. Responses thereto were filed April 28, 1992 and May 13, 1992.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### FACTS

Plaintiff's Kimberly Azevedo and Eric Ehn are participants in the Federal Section 8 Existing Housing Assistance Payments Program. On June 1, 1991, Plaintiff Azevedo entered a lease agreement with Bobby Jones Management Corporation (hereinafter "Bobby Jones") for an apartment in Sarasota. The lease agreement was approved by The Housing Authority of the City of Sarasota (hereinafter "Housing Authority"). The Housing Authority executed a Housing Assistance Payments Contract with the plaintiff pursuant to the Section 8 Housing Assistance Program. Pursuant to the contract, the Housing Authority agreed to pay Ms. Azevedo's entire monthly rent payment to Bobby Jones.

On September 27, 1991, Bobby Jones sent Ms. Azevedo a notice terminating the lease agreement because she failed to comply with several written warnings. Specifically, they alleged she allowed other unauthorized persons to live in her apartment and failed to conduct herself in a manner that was not disturbing to the other tenants of the apartment complex.

On January 15, 1992, Bobby Jones sent another notice terminating the lease agreement with Ms. Azevedo. On January 23, 1992, the Housing Authority advised Ms. Azevedo that they were abating her rental payments for February of 1992. On February 17, 1992, Bobby Jones sent a 3–day notice pursuant to Chapter 83 of the Florida Statutes demanding payment of the February rent. On March 10, 1992, Ms. Azevedo was served with a Complaint for Eviction for failure to pay rent.

Ms. Azevedo filed a complaint on March 18, 1992, alleging that her due process rights were violated when Defendants failed to provide a hearing prior to the termination of her participation in the Section 8 program. Further, Ms. Azevedo sought to receive declaratory and injunctive relief, as a class representative, for all

persons who have received Section 8 housing assistance benefits and are subject to termination without due process of law. In addition, Ms. Azevedo made a plea for damages due to mental anguish and distress as a result of the alleged deprivation of due process by the defendants.

On or about March 25, 1992, the Housing Authority agreed to resume making housing assistance payments on behalf of Ms. Azevedo, retroactive to February 1, 1992. Additionally, the Housing Authority agreed to continue payments until a hearing is held on the issue that Defendants may have a lawful basis for terminating those benefits.

Plaintiff Eric Ehn entered a Section 8 lease agreement with Sarasota Place Apartments, Ltd. (hereinafter "Sarasota Place") on or about April 1, 1991. The lease was approved by the Housing Authority. On or about January 22, 1992, Sarasota Place sent Mr. Ehn a notice informing him of termination of his lease because he failed to comply with the contract. Specifically, they alleged he allowed other unauthorized persons to live in his apartment.

On or about February 13, 1992, Sarasota Place sent a second letter to Mr. Ehn informing him that his lease was up for renewal on March 1, 1992 but would not be renewed because of his failure to remedy his noncompliance. On or about March 12, 1992, Sarasota Place sent Mr. Ehn a third letter informing him that his lease was terminated and they expected him to vacate the unit by March 31, 1992.

Upon notification by Sarasota Place of the termination of Mr. Ehn's lease, the Housing Authority ceased payments of Mr. Ehn's rent. Mr. Ehn was not afforded a hearing. However, subsequently, the Housing Authority agreed to pay Mr. Ehn's rent for the months of February and March until such hearing was granted.

On April 28, 1992, an Amended Complaint was filed, adding Mr. Ehn's name to the style of the case and including Mr. Ehn and Ms. Azevedo as plaintiffs and class representatives in the case. The complaint alleged the same facts and issues set forth in Ms. Azevedo's complaint of March 18, 1992.

Defendants filed a motion to dismiss on April 9, 1992, contending that Plaintiffs failed to state a claim upon which relief can be granted, that their claims are moot, and they lack standing to represent the purported class. Plaintiffs responded to the motion to dismiss on April 28, 1992, contending that they have adequately pled a complaint and retain standing as representatives for the class.

## DISCUSSION

■ Article III of the United States Constitution requires that federal courts adjudicate only "cases" and "controversies." The case or controversy requirement encompasses the critical threshold question of standing. Over the years, case law has interpreted standing to contain three elements: (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) the injury must be capable of redress by a favorable decision. *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984). The first element, injury in fact, is at issue in the instant case.

■ Injury in fact has recently been defined by the United States Supreme Court as "an invasion of a legally-protected interest which is concrete and particularized." *Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) citing *Wright*, 468 U.S. at 756, 104 S.Ct. at 3327. In the instant case, the Plaintiffs claim that their due process rights were violated because they were not given hearings before housing assistance was terminated, pursuant to § 882.216 C.F.R. Accordingly, Plaintiffs contend that they adequately stated a claim upon which relief can be granted.

However, as Defendants assert, Plaintiffs fail to address the fact that the Housing Authority agreed to continue making housing assistance payments on behalf of the plaintiffs, retroactive to the proposed terminations and until a hearing may be held on the issue.

The Housing Authority has agreed to pay Ms. Azevedo's rent for the month of February and continue making housing payments until a hearing is conducted. Likewise, they agreed to pay Mr. Ehn's rent through March, the expiration date on his lease. Moreover, the Housing Authority has no obligation concerning payments to Mr. Ehn after the expiration of his lease unless his lease is renewed. Mr. Ehn was never evicted and was permitted to remain in Sarasota Place through the expiration of his lease. It is only at the time of expiration that Sarasota Place rightfully refused to renew his lease.

These facts are crucial because the months of February and March are the only months during which Plaintiffs did not receive any housing assistance. Thus, these are the only times that Plaintiffs can even remotely claim that they suffered any injury. Yet, they were not evicted at these times nor at any other times. Plaintiffs have not suffered any injury in fact. They have failed to meet the constitutional burden necessary for standing. Therefore, the claims are moot.

Additionally, because Plaintiffs' claims are moot, the present action cannot proceed as a class action. In a class action, the class representative must have a personal stake in the outcome of the litigation. *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir.1987). The class representative must have standing to prosecute the claim.

Rule 23(a), Fed.R.Civ.P. requires that the claims of the class representative be typical of the claims of the class. Here, Plaintiffs do not even have a sufficient claim to bring an action on behalf of themselves, let alone an entire class of individuals. The claims are moot and there is no standing. Therefore, Plaintiffs cannot act as class representative.

A thorough reading of the complaint leads the Court to the conclusion that Plaintiffs have not satisfied the "injury in fact" requirement for standing and, therefore, have not plead sufficient facts which would entitle them to relief. Nor have Plaintiffs established a personal stake sufficient to qualify them as class representa-tives. Plaintiff's claims are moot. Therefore, Defendants' motion to dismiss is granted and the class action is dismissed. Accordingly, it is

ORDERED that Defendants' motion to dismiss be granted; and the class action be dismissed; and the Clerk of the Court shall enter judgment for the defendants.

DONE and ORDERED.