Kimberly A. AZEVEDO and Eric Ehn, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

The HOUSING AUTHORITY OF the CITY OF SARASOTA, et al., Defendants.

No. 92–356–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

March 10, 1993.

---

William P. Matturro, Gulfcoast Legal Services, Inc., Sarasota, FL, for plaintiff Kimberly A. Azevedo.

William P. Matturro, Gulfcoast Legal Services, Inc., Sarasota, FL, John Emile Dubrule, John Patrick Cunningham, Gulfcoast Legal Services, Inc., St. Petersburg, FL, for plaintiff Eric Ehn.

Michael Anthony Moran, Joy, Gause, Genson & Moran, Sarasota, FL, for defendants.

## ORDER GRANTING MOTION FOR REHEARING

KOVACHEVICH, District Judge.

This cause is before this Court on Plaintiff Eric Ehn's timely Motion for Rehearing filed November 13, 1992. Plaintiff filed his Motion within ten (10) days of this Court's Order Granting Motion to Dismiss and Dismissal of Class Action signed October 27, 1992, pursuant to the Federal Rules of Civil Procedure. In response to Plaintiff's motion, Defendant filed a reply on November 19, 1992, 805 F.Supp. 938. This motion is related only to the Plaintiff Ehn and not to Plaintiff Kimberly Azevedo.

### FACTS

Plaintiff Ehn received certification for housing assistance benefits from the Housing Authority of the City of Sarasota ("Housing Authority"), as a participant in the Section 8 Housing Assistance Program (the Program). The Program was established by Congress in 1974 through Title II, Section 8, of the Housing and Community Development Act of 1974, and codified at 42 U.S.C. § 1437, Section 8 of the United States Housing Act of 1937. Plaintiff's monthly rent payment of $67.00 was supplemented by Housing Authority payments of $316.00 to Mr. Ehn's landlord, in accord with a lease agreement which extended from April 1, 1991, through March 30, 1992.

Plaintiff's landlord, Sarasota Place Apartments, notified him on January 22, 1992, and provided subsequent notice to the Housing Authority office on February 13, 1992, that they intended to terminate his lease due to non-compliance with the lease agreement; specifically allowing the apartment to be occupied by persons not allowed by the HUD Lease Contract. In response to that notification, the Housing Authority abated rental payments for February and March 1992, the last two (2) months of the lease period. The lease agreement expired on March 30, 1992, and the Housing Authority made no additional payments.

Plaintiff continued to pay his portion of the rent. At the conclusion of the lease agreement, the landlord brought suit in the county

court of the State of Florida, Sarasota, Florida, Case No. 9201662 CC–11, seeking both the eviction of Plaintiff as a holdover tenant and a determination of accrued rent. The county court, relying on basic landlord-tenant law ordered Plaintiff to pay into the court's treasury $766.00 on or before May 14, 1992, or the landlord would be entitled to immediate possession of the premises. That court did not address the issue of the propriety of the abatement of Plaintiff's housing assistance subsidy.

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction with this Court seeking to require the Housing Authority to deposit the subsidized portion of the rent with the registry of the State Court. This court granted Plaintiff's motion on May 19, 1992. However, in the interim, the State Court awarded the landlord a Final Judgment for Possession on May 15, 1992 because the required funds had not been deposited in the registry. Plaintiff was served with a Writ of Possession to vacate the premises. He moved in accordance with the Writ of Possession on May 19, 1992.

Following the issuance of the Temporary Injunction, Plaintiff notified this Court on May 27, 1992, that he would not seek a Preliminary Injunction because of on-going settlement negotiations with the Housing Authority. Based on information presented by the parties in this action, this Court granted Defendants' Motion to Dismiss and Dismissal of Class Action on October 27, 1992. Plaintiff's Motion for Rehearing followed. In response to Plaintiff's motion, Defendant filed a reply which included typed portions of a transcript of depositions taken in the action. Plaintiff then moved to strike these portions as being in violation of Rule 32, Fed.R.Civ.P.

## DISCUSSION

■ Rule 32(a), Fed.R.Civ.P. allows a party to use any part or all of a deposition at trial, upon hearing of a motion, or at an interlocutory proceeding subject to certain conditions. In responding to Plaintiff's Motion for Rehearing, Defendants excerpted portions of the depositions of Plaintiffs Eric Ehn and Kimberly Azevedo. However, in providing the Court with these excerpts, De-

fendants merely typed those portions of the transcript into their response which they wished the Court to consider. Since a certified copy of the depositions cited has never been filed with this Court and since the excerpts themselves were not certified, the depositions are not properly before this Court. Therefore, the excerpts of the depositions do not exist in the eyes of the court. Accordingly, they are stricken. *See Campus Sweater and Sportswear Co. v. M.B. Kahn Construction Co.*, 515 F.Supp. 64 (D.S.C. 1979), *aff'd*, 644 F.2d 877 (4th Cir.1981).

■ Plaintiff seeks a rehearing under Rule 59, Fed.R.Civ.P. stating that this Court made its decision granting Defendants' Motion to Dismiss without all of the relevant facts before it. A motion for a new trial or rehearing is a matter "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980). Rule 59(a)(2) permits a rehearing in nonjury actions for "any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Rule 59(a)(2), Fed.R.Civ.P. Among the reasons most often cited are verdicts which are against the weight of the evidence, excessive damages, evidentiary flaws, the discovery of important new evidence, and the prevention of injustice. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940); *North American Trading Corp. v. United States*, 9 C.I.T. 80, 607 F.Supp. 1471 (1985), *aff'd*, 783 F.2d 1031 (Fed.Cir.1986).

In requesting this rehearing, Plaintiff states that this Court did not consider several relevant facts. However, the facts cited by Plaintiff were not before the court at the time of its original decision to dismiss Plaintiff's action. While Plaintiff blames the Defendants for not filing a Motion to Dismiss based on his Amended Complaint, the facts stated by Plaintiff in his Amended Complaint filed April 28, 1992, do not encompass all of the facts now raised by the Plaintiff in his current Motion for Rehearing.

Specifically, Plaintiff now states that he was forced to vacate his subsidized apart-

ment under the Writ of Possession, without an opportunity to be heard in state court, because of the Housing Authority's failure to deposit sufficient funds in the court registry. He claims damages to his possessions during the forced move and emotional damages caused by stress related to the denial of his right to due process. Because this Court granted Plaintiff's Motion to Strike the excerpts of the depositions included in the Defendants' response, this Court did not consider that information in reaching a decision on the Motion for Rehearing.

 Evidence in the possession of the party before judgment is rendered is generally not considered "newly discovered evidence." *United States v. Potamkin Cadillac Corp.,* 697 F.2d 491 (2d Cir.), *cert. denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). However, Plaintiff asserts that he did not submit these additional facts prior to this Court's Order to Dismiss because Defendant's original motion did not address Plaintiff's amended complaint. Certainly, it would have been prudent for the Plaintiff to bring these new facts to the attention of this Court to assure that this Court had all of the relevant information necessary to make an informed decision. Plaintiff could also have filed another amended complaint which included the relevant new facts.

If this Court had the benefit of the newly discovered facts, it may have reached a different resolution to the issues raised in the original Motion to Dismiss. Accordingly, these new facts now raise the specter of a claim which may be sufficient to withstand the earlier challenges presented by the Defendants in their original motion. In order to prevent any injustice, Plaintiff will have ten (10) days to file an amended complaint stating sufficient new facts to support his claim for relief.

Finally, both parties in this action have filed motions seeking attorney's fees under 42 U.S.C. § 1988. However, since this Court is allowing Plaintiff to file an amended complaint, any determination on the attorney's fees issue would be premature at this time. Accordingly, it is

**ORDERED** that the motion to strike be **granted;** the motion for rehearing be **grant-**ed; the order of October 27, 1992 be **vacated** only insofar as it relates to the dismissal of all claims of Plaintiff Eric Ehn; the Clerk of the Court shall **reopen** only that portion of this file related to Eric Ehn; the motions for attorney's fees be **denied;** and Plaintiff Ehn **shall have** ten (10) days from this order to file an amended complaint.

**DONE** and **ORDERED.**