Erik EHN, Individually and on behalf of all persons similarly situated, Plaintiff,

v.

The HOUSING AUTHORITY OF the CITY OF SARASOTA, et al., Defendants.

No. 92–356–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Sept. 9, 1993.

William P. Matturro, April Carrie Charney, Gulfcoast Legal Services, Inc., Sarasota, FL, John Emile Dubrule, John Patrick Cunningham, Gulfcoast Legal Services, Inc., St. Petersburg, FL, for plaintiffs.

Michael Anthony Moran, Joy, Gause, Genson & Moran, Sarasota, FL, for defendants.

### ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss Second Amended Complaint, filed May 10, 1993, and response thereto, filed May 24, 1993.

### STANDARD OF REVIEW

A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a Motion to Dismiss, is required to view the Complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### FACTS

The Second Amended Complaint alleges that Plaintiff is a participant in the Federal Section 8 Existing Housing Assistance Payments Program, receiving benefits through Defendant, the Housing Authority of the City of Sarasota (hereinafter the "Housing Authority"). The Section 8 Housing Assistance Program (hereinafter the "Program") was established by Congress in 1974 through Title II, Section 8, of the Housing and Community Development Act of 1974, and codified at 42 U.S.C. § 1437, Section 8 of the United States Housing Act of 1937.

Plaintiff, Erik Ehn entered a Section 8 lease agreement with Sarasota Place Apartments, Ltd. (hereinafter "Sarasota Place"). The lease was approved by the Housing Authority. Plaintiff's monthly rent payment of $67.00 was supplemented by the Housing Authority's payment of $316.00 to Mr. Ehn's landlord, in accord with a lease agreement which extended from April 1, 1991, through March 30, 1992.

On or about January 22, 1992, Plaintiff's landlord, Sarasota Place, notified Mr. Ehn of termination of his lease due to failure to comply with the terms of his lease agreement. Specifically, they alleged he allowed unauthorized persons to live in his apartment. Thereafter, on or about February 13, 1992, Sarasota Place again notified Mr. Ehn of their intention not to renew his lease and also provided notice of this decision to the Housing Authority.

On or about March 12, 1992, Sarasota Place sent Mr. Ehn a third letter informing him that his lease was terminated and they expected him to vacate the unit by March 31, 1992.

Upon notification by Sarasota Place of the termination of Mr. Ehn's lease, the Housing Authority ceased payment of Mr. Ehn's rent for the months of February and March, 1992, the last two months of the lease period. Mr. Ehn was not afforded a hearing.

Plaintiff continued to pay his portion of the rent. At the expiration of the lease agreement, the landlord brought suit in the county court of the State of Florida, Sarasota, Florida, Case No. 9201662 CC–11, seeking both the eviction of the Plaintiff as a holdover tenant and a determination of accrued rent. The county court, relying on basic landlord-tenant law ordered Plaintiff to pay into the court's treasury $766.00 on or before May 14, 1992, or the landlord would be entitled to immediate possession of the premises. That court did not address the issue of the propriety of the abatement of Plaintiff's housing assistance subsidy.

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction with this Court seeking to require the Housing Authority to deposit the subsidized portion of the rent with the registry of the State Court. This Court granted Plaintiff' Motion on May 19, 1992. However, in the interim, the State Court awarded the landlord a Final Judgment for Possession on May 15, 1992, because the required funds had not been deposited in the registry. Plaintiff was served with a Writ of Possession to vacate the premises. He moved in accordance with the Writ of Possession on May 19, 1992.

Following the issuance of the Temporary Injunction, Plaintiff notified this Court on May 27, 1992, that he would not seek a Preliminary Injunction because of on-going settlement negotiations with the Housing Authority. Ultimately, the Housing Authority paid the February and March rental payments on behalf of Mr. Ehn.

Defendants filed a Motion to Dismiss on April 9, 1992, contending that Plaintiffs [1] failed to state a claim upon which relief can be granted, that their claims were moot, and they lacked standing to represent the purported class. Defendants' Motion to Dismiss was granted on October 27, 1992. *Azevedo v. The Housing Authority of the City of Sarasota, et al.,* 805 F.Supp. 938 (M.D.Florida, Tampa Division, 1992).

Plaintiff Ehn filed a Motion for Rehearing which was granted by this Court on March 10, 1993, *Azevedo v. The Housing Authority of the City of Sarasota, et al.,* 147 F.R.D. 255 (M.D.Florida, Tampa Division 1993), holding that newly discovered facts now raise the specter of a claim which may be sufficient to withstand the earlier challenge presented by the Defendant's Motion to Dismiss only as to Plaintiff Ehn. This Court gave the Plaintiff ten (10) days in which to file his Amended Complaint.

In response, Plaintiff timely filed his Second Amended Complaint. Defendants thereafter filed a Motion to Dismiss Second Amended Complaint asserting lack of jurisdiction over the subject matter, lack of juris-

---

1. At the time of the original Complaint, there was one (1) Plaintiff. A second Plaintiff was added when the Amended Complaint was filed. The initial Plaintiff was dismissed from the action prior to the filing of the Second Amended Complaint.

diction over the person, failure to state a claim upon which relief can be granted and failure to move for permission to intervene.

## DISCUSSION

■ Article III of the United States Constitution requires that federal courts adjudicate only "cases" and "controversies." The case or controversy requirement encompasses the critical threshold question of standing. Over the years, case law has interpreted standing to contain three elements: (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) the injury must be capable of redress by a favorable decision. *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 4425, 82 L.Ed.2d 556 (1984). The first element, injury in fact, is at issue in the instant case.

■ Injury in fact has recently been defined by the United States Supreme Court as "an invasion of a legally-protected interest which is concrete and particularized." *Lujan v. Defenders of Wildlife*, —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992), citing *Wright*, 468 U.S. at 756, 104 S.Ct. at 3327. In the instant case, Plaintiff claims that his due process rights were violated because he was not given a hearing before housing assistance was terminated in violation of 42 U.S.C. Section 1437f and 24 C.F.R. parts 812 and 882 and the Fourteenth Amendment to the U.S. Constitution. Plaintiff further claims that he suffered emotional distress, anguish and damages as a result of being forced to move under Writ of Possession. Accordingly, Plaintiff contends he has adequately stated a claim upon which relief can be granted.

However, Plaintiff fails to address the fact that the Housing Authority agreed to continue making housing assistance payments on his behalf, and did in fact make both the February and March payments, retroactive to the proposed termination and until a hearing was held on the issue. Mr. Ehn was not evicted for the Housing Authority's failure to pay the February and March monthly rental payments. Mr. Ehn was sued in the County Court of the State of Florida, Sarasota, Florida, Case No. 9201662 CC–11, for his failure to vacate the premises of Sarasota Place

after March 31, 1992, the legal end of his lease term. The Housing Authority has no obligation to pay rental subsidies beyond the term of the lease agreement with the private lessor. Mr. Ehn was put on notice in January of 1992, that his lease would not be renewed. This notice provided the Plaintiff with ample time to secure other housing accommodations within the Section 8 housing assistance program requirements.

February and March are the only months during which the Plaintiff did not receive any housing assistance; and, such assistance was thereafter paid to Plaintiff's landlord, Sarasota Place. This is the only time that Plaintiff can even remotely claim that he suffered any injury. Plaintiff's subsequent eviction from Sarasota Place is not causally related to the Housing Authority's temporary abatement of the Plaintiff's rental subsidy. Plaintiff's claimed injury is directly related to his own inaction regarding the legal termination of his lease and failure to secure alternate housing. Plaintiff has not suffered any injury in fact that can be attributed to the actions of the Defendants. Therefore, Plaintiff has failed to meet the constitutional burden necessary for standing and his claims are therefore moot.

■ Additionally, because Plaintiff's claims are moot, the present action cannot proceed as a class action. In a class action, the class representative must have a personal stake in the outcome of the litigation. *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987). The class representative must have standing to prosecute the claim.

Rule 23(a), Fed.R.Civ.P. requires that the claims of the class representative be typical of the claims of the class. Here, the Plaintiff does not have a sufficient claim to bring on his own behalf, let alone an entire class of individuals. The claims are moot and there is no standing. Therefore, Plaintiff cannot act as a class representative.

A thorough review of the Second Amended Complaint leads the Court to the conclusion that the Plaintiff has not satisfied the "injury in fact" requirement for standing and, therefore, has not plead sufficient facts which would entitle him to relief. Nor has Plaintiff

established a personal stake sufficient to qualify him as a class representative. Plaintiff's claims are moot. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss Second Amended Complaint be **granted;** the class action be **dismissed;** and the Clerk of the Court **shall** enter judgment for the Defendants.

**DONE AND ORDERED.**