STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-06

AARON HIILL, on behalf of himself
and all others similarly situated,

Plaintiffs

v.

ORDER
AND
DECISION

U.S. SMOKELESS TOBACCO COMPANY,
et al.,

Defendants

On January 8, 2004 Aaron Hill filed a class action complaint on behalf of himself and others similarly situated. On November 5, 2004 the plaintiff filed a motion for class certification. As part of the discovery regarding the motion for class certification the defendants scheduled the deposition of Mr. Hill for December 17, 2004. The day before the deposition plaintiff's counsel indicated that Mr. Hill would no longer represent the interests of the class. The parties agreed on January 7, 2005 to suspend the briefing schedule regarding class certification.

On April 1, 2005 the defendants filed a motion to dismiss which was followed on April 22 by a motion to amend the complaint to add a new named plaintiff named Michael Yorke.

The cited precedents favor the position of the defendants. In the brief *per curiam* opinion in *The Board of School Commissioners of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30, the Supreme Court of United States ordered a remand for the dismissal of a complaint where a class had not been certified and the complaint had become moot for the named plaintiffs who had since graduated from high school.

A similar result existed in *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987) where the Court stated, "In a class action, the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class. If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." Also see *Azevedo v. The Housing Authority of the City of Sarasota*, 805 F.Supp. 938, 941 (M.D.Fla. 1992). As the plaintiff no longer wishes to be the class representative, and since the class was not certified at the time the plaintiff made his decision to no longer serve as the class representative, the complaint must be dismissed.

Given that this case is already a year and one-half old, the class was not certified and given that it is not clear that Mr. Yorke would even be a suitable representative, leave will not be granted under Rule 15(a) to amend the complaint. If Mr. Yorke or another person wishes to file a new class action complaint, they obviously may do so.

The entry is:

Plaintiffs' motion for leave to amend complaint is denied.

Defendants' motion to dismiss is granted. The complaint is dismissed.

Dated:      July 19, 2005

Paul A. Fritzsche
Justice, Superior Court

D. Michael Noonan, Esq. - PLS
John A. Ciraldo, Esq. - DEFS
Margaret M. Zwisler, Esq. (pro hac vice) - DEFS

2